**ANCHOR CASUALTY COMPANY, Appellant,**

v.

**Blanche CRISP, Appellee.**

No. 7042.

Court of Civil Appeals of Texas.

Amarillo.

May 1, 1961.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellant.

R. S. Sutton, Amarillo, for appellee.

DENTON, Chief Justice.

This is an appeal from a judgment allowing recovery on a fire insurance policy. On April 22, 1958, appellant insurance company, through its agent Howard Williams, issued a fire insurance policy to appellee covering her residence. The policy was for a period of five years and provided coverage for the sum of $4,000. It is admitted that appellee's house was totally destroyed by fire on November 18, 1959. The insurance company denied liability on the ground the policy sued on was canceled by a written notice mailed by its agent to the insured on June 10, 1959, some five months prior to the fire. The trial court, without the intervention of a jury, rendered judgment for the plaintiff and the insurance company brought this appeal.

The premium for the insurance policy was $98.70 of which only a portion was paid by the insured. There is conflicting testimony as to exactly how much had been paid; however, we are of the opinion the evidence supported the trial court's finding that the insured had made no payment on the installment note executed to the insurance company's agent. It is undisputed that she had made a down payment but the amount of such payment is in dispute. It is apparent from the record that appellee was in default on the premium payments at the time the cancellation notice was mailed, and at the time her house was destroyed by fire. The trial court further found, and it was conceded by appellee, that appellant's agent properly mailed a cancellation notice addressed to Mrs. Crisp at 1018 North Hughes Street, Amarillo, Texas. This was the correct address of her residence and also the address placed in the insurance policy. The trial court further found the notice was not returned to the agent by the post office authorities, but he

further found the notice was not received by the insured. The court concluded that the policy was in effect on November 18, 1959, the date of the fire loss and that the insurance company was indebted to Mrs. Crisp in the amount of $4,000 plus interest.

The controlling question to be determined here is whether or not the insurance policy was in fact cancelled in accordance with the provisions of the policy. The policy provided: "The insured may cancel this policy by notice to this company; upon surrender of the policy this company shall refund the short rate unearned paid premium. This company may cancel this policy by giving the insured five days written notice; such notice shall state that the pro rata unearned paid premium, if not tendered, will be refunded on demand."

■ It is the established rule in Texas that to effect a cancellation the conditions of the policy upon which rests the insurer's right of cancellation must be complied with and followed strictly. Duff v. Secured Fire & Marine Ins. Co., Tex.Civ.App., 227 S.W. 2d 257 (no writ history); United States Ins. Co. v. Brown, Tex.Civ.App., 285 S.W. 2d 843 (no writ history); Buffalo Ins. Co. v. Best, Tex.Civ.App., 312 S.W.2d 270 (n. r. e.).

■ A careful examination of the statement of facts reveals only one basic dispute between the parties. Although the insurance agent and Mrs. Crisp are in disagreement as to how much was paid by Mrs. Crisp on the premium due, it is conceded by both parties that the house was a total loss and that the cancellation notice was properly mailed to the insured on June 10, 1959. It is also undisputed that the letter containing the cancellation notice was not returned by the post office. The dispute arises over whether or not the insured actually received the cancellation notice. Mrs. Crisp testified positively she did not receive it. Appellant is relying on the well settled rule that when a letter properly addressed and with postage prepaid is mailed, a presumption of fact arises that it was duly received by the addressee. In support of its position appellant cites Southland Life Ins. Co. v. Greenwade, 138 Tex. 450, 159 S.W.2d 854. We agree that this is a well settled rule in this State, but the Greenwade case itself is authority that such a presumption is rebuttable and such presumption has the force of a rule of law only in the absence of evidence to the contrary. See also McCormick and Ray, "Texas Law of Evidence," Second Edition, Sections 52 and 53.

■ When Mrs. Crisp denied that she ever received the cancellation notice we think the above presumption was rebutted, and it then became a fact issue. Brewer v. Maryland Cas. Co., Tex.Civ.App., 245 S.W.2d 532; Anderson v. Nat. Aid Life Ass'n, Tex.Com.App., 140 Tex. 308, 167 S.W.2d 739 (opinion adopted). The trial court resolved this issue against the insurance company. The court, as the trier of the facts, found the notice of cancellation was not in fact received by Mrs. Crisp. This finding had the effect of overcoming the presumption that it was received. Appellate courts are bound by the trial court's findings of fact which are supported by some evidence of probative value and we are required to view the evidence in a light most favorable to the successful party. John Hancock Mut. Life Ins. Co. v. Stanley, Tex.Civ.App., 215 S.W.2d 416 (no writ history); Walton v. Woolworth, Tex.Civ.App., 222 S.W.2d 347 (no writ history). We are of the opinion the evidence is sufficient to support the trial court's finding that the notice of cancellation was not received by the insured.

■ We will now consider the question of whether or not actual receipt of the cancellation notice by the insured is a condition precedent to the cancellation of the policy by the insurer. This requires an inspection of the cancellation clause of the policy. It will be noted that the policy permitted the company to cancel.

the policy " * * * by giving the insured five days written notice." This clause is clearly distinguishable from those permitting an insurer to cancel the policy " * * * by mailing written notice to the insured's address," or similarly phrased clauses. Where the policy requirement is the "mailing" of the notice to the insured, the universally accepted rule is that the actual receipt by the insured of such notice is not a condition precedent to the cancellation of the policy. The mere mailing of the letter containing the cancellation notice is sufficient to effect cancellation. California-Western States Life Ins. Co. v. Williams, Tex.Civ.App., 120 S.W.2d 844 (error dismissed); Duff v. Secured Fire & Marine Ins. Co., supra; Texas Cas. Ins. Co. v. McDonald, Tex.Civ.App., 269 S.W. 2d 456 (no writ history).

■■ As pointed out above, the insurer in the instant case was required to give five days notice in order to complete the cancellation. When the policy is so worded it is also the settled rule that the actual receipt by the insured of the cancellation notice is a condition precedent to a cancellation of the policy by the insurer. See 64 A.L.R.2d 996, and cases there cited. This rule was applied in Republic Ins. Co. v. Inverness Estates, Tex.Civ.App., 252 S.W.2d 251 (error refused). In that case the fire insurance policy contained the identical cancellation provision we have before us. Although the Inverness Estates case can be distinguished on the facts from the instant case, it held in effect that it was necessary for the cancellation notice to have been delivered to the insured five days prior to the date of the fire in order to cancel the policy by the insurer. There the cancellation notice was mailed to insured and it was delivered on December 13, 1950. A fire which destroyed property covered in the policy occurred on December 16, 1950. The court held the policy was in full force and effect as the five days notice requirement had not been complied with. It is significant that the date of

the mailing of the cancellation notice was not considered by the court in determining whether or not the cancellation was effective.

The burden was on the appellant to prove its alleged defense of cancellation. Being of the opinion the terms of the policy required actual receipt of the notice by the insured, we conclude appellant did not discharge its burden by proving the mere mailing of such notice. Under the provisions of the policy in question we therefore hold the mailing of the cancellation notice, but which was found by the trial court not to have been received by the insured, was not effective as a cancellation of the insurance policy.

Having considered all points of error brought forward, we are of the opinion the record reflects no reversible error. The judgment of the trial court is affirmed.