**AMERICAN TITLE COMPANY, Trustee, Appellant,**

v.

**Albert L. SMITH et ux., Appellees.**

**No. 15520.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 25, 1969.

Clawson & Jennings, Rex Clawson, Paul C. Murphy, III, Houston, for appellant.

Sam S. Emison, Jr., Houston, for appellees.

COLEMAN, Justice.

This is a suit for specific performance of a contract to convey real estate. Relief was denied in a trial to the court without a jury.

Powell, a licensed real estate broker, prepared a contract for the sale of certain real estate owned by appellees. He presented this instrument to appellant who executed the original and several copies on November 29, 1966. Appellant also placed certain funds in escrow as earnest money. Powell then took the prepared contract to Albert L. Smith. Smith struck out of the

instrument a provision requiring the seller to furnish the purchaser a policy of title insurance, and added a provision that the sale was to be closed after January 1, 1967. Powell then took the instruments to appellee, Jean E. Smith, who made the same changes in the copies, and thereafter signed the instruments, retaining a copy. The next day Powell delivered the instrument to an employee of the American Title Company, together with a letter, signed by Powell, instructing the American Title Company to issue an Owner's Title Policy on the property at his expense, and to close the sale after January 1, 1967.

On or about December 7, 1966, the American Title Guaranty Company sent Powell a title report showing judgments of record against A. L. Smith, and requiring that an affidavit be submitted showing that these judgments were not against Albert L. Smith. Powell then approached Smith, at which time Smith informed him that he no longer was willing to sell the property. Powell informed the American Title Company of this development and this suit resulted.

There was no communication between the principals in this matter other than through Powell. The trustee did not re-execute the contract instruments after the changes were made by Smith, nor did the trustee in any way orally communicate to Powell their acceptance of the contract as changed. There were no acts evidencing acceptance of the instrument as altered other than starting a search of the title.

The principal difficulty in this case arises from the answer made by appellees to a formal request for an admission of fact. The plaintiff requested each of the defendants to admit the truth of the following matter of fact:

"1. That on or about the 29th day of November, 1966, they entered into an agreement, and signed same with the Plaintiff herein, American Title Company, Trustee, identical to 'EXHIBIT A' that was and is attached to Plaintiff's Petition on file herein, copy of which said 'EXHIBIT A' is attached hereto."

This answer was made:

"1. Denied; but with reference thereto, Defendants admit that Exhibit 'A' was executed by Defendant AL-BERT L. SMITH as a memorandum of negotiations. That it was to be retyped and presented to him for his consideration. That it was not either the acceptance of an offer nor a counter-offer at the time of its execution."

Appellant contends that the answer constitutes a judicial admission that the Exhibit "A" was not a counter-offer after the altered instrument was signed by appellees. The trial court found as a conclusion of law that the instrument presented to appellees was an offer to purchase, and that the altered instrument executed by appellees was a counter-offer. He found that there had been no acceptance of the counter-offer by appellant prior to the time appellant received notice that the counter-offer was withdrawn.

■ Admissions of fact made in response to a formal request for admissions under Rule 169, Texas Rules of Civil Procedure, constitute judicial admissions, and the party who has formally admitted a fact cannot introduce evidence to the contrary. Thornell v. Equitable Life Assurance Society of U. S., 385 S.W.2d 716 (Tex.Civ. App.—Texarkana (1964).; McCormick v. Stowe Lumber Company, 356 S.W.2d 450 (Tex.Civ.App.—Austin 1962, error ref., n. r. e.); Pacific Finance Corporation v. Rucker, 392 S.W.2d 554 (Tex.Civ.App.— Houston 1965).

■ The parties to an action may not control the power of the trial court to apply the applicable rules of law to the facts in rendering his judgment by stipulations or admissions concerning the rules of law deemed to be applicable. Thus requests for admissions, the answers to which would be legal conclusions, are not proper requests. Answers which merely constitute

admissions of law are not binding on the court. Harris v. Columbia Broadcasting System, Inc., 405 S.W.2d 613 (Tex.Civ. App.—Austin, 1966, error ref., n. r. e.); Black v. Shell Oil Company, 397 S.W.2d 877 (Tex.Civ.App.—Texarkana 1965, error ref., n. r. e.); Gore v. Cunningham, 297 S.W.2d 287 (Tex.Civ.App.—Beaumont, 1956, error ref., n. r. e.).

The facts with reference to the changes made by appellee in the instrument presented to them by Powell are not in dispute. The testimony was elicited from the witnesses by both parties without objection. The only dispute was whether by signing the instrument appellees intended to make a counter-offer. The evidence supports the finding of the trial court that a counter-offer was made. Appellees have not attacked this finding. Appellant attacks the trial court's finding that the "changed instrument" signed by appellees was a counter-offer. Appellant does not contend that the evidence shows an acceptance of its original offer. Without such an acceptance no contract arose from the negotiations unless appellees made a counter-offer which was accepted by appellant. The trial court did not err in finding as a fact that appellees made a counter-offer to sell the property to appellant. There was competent evidence to support such a finding. Appellant could not be precluded from proving a fact necessary to its cause of action by the volunteered admission on the part of appellees of the conclusion that they had made no counter-offer. Antwine v. Reed, 145 Tex. 521, 199 S.W.2d 482 (1947); American Nat. Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161 (1938).

Appellant presents an alternative point that the trial court erred in concluding that there had been no acceptance of appellees' counter-offer prior to the time appellant had notice of its withdrawal.

Powell testified that he took a signed copy of the instrument executed by appellees to Mr. McCrory, the officer of American Title Company who had previously executed the instrument embodying the original offer. Powell called McCrory's attention to the changes made by appellees and gave McCrory a written memorandum over his signature reading:

"*Note* Cost of *title policy* on:

"Lot 4, Blk 327, Houston Heights to be deducted from sales commission.

"Seller will furnish Gen. Warranty Deed.

"Seller does not want to close this sale until after Jan. 1, 1967."

This testimony is impeached to some extent by Powell's admission that on a previous deposition he had stated that he took the contract and note to Mr. Sherrill, an employee of American Title Guaranty Company. Mr. McCrory was executive vice president of American Title Guaranty Company and also vice president of American Title Company.

Mr. Sherrill testified that he processed files for closing for the American Title Guaranty Company. On November 30 Mr. McCrory gave him the alleged contract and the $700.00 earnest money check. He then opened a file, deposited the check, ordered a title examination and tax certificates. Subsequently he received a title report dated December 1, 1966. He sent the title report to Mr. Powell.

Powell testified that he went to see Mr. Smith for the purpose of discussing the title report, but that before he mentioned it, Smith told him he did not want to sell the property. He did not remember saying anything to Smith about the title report or that appellant had agreed to the changes.

There is no testimony that appellant, through any of its officers, expressly agreed to accept the counter-offer made by appellees, either orally or in writing.

Appellant contends that the counter-offer was accepted when the title report was received by Powell, since Powell was an

agent for both parties in this transaction. It is their contention that the act of sending the title opinion to Powell constituted "a sign, writing or act communicated, amounting to a manifestation of a formed determination to accept and an intention to proceed with the closing of the transaction according to the terms of the instrument as changed."

The acceptance of an offer to sell real estate must be positive and unequivocal. Austin Presbyterian Theological Sem. v. Moorman, 391 S.W.2d 717 (Tex.1965). The transmission of the title opinion by Mr. Sherrill to Mr. Powell was not a positive and unequivocal acceptance of the offer to sell. This was not an act of the trustee. It was not shown to have been authorized or directed by the trustee. The evidence is not sufficient to establish acceptance of the offer as a matter of law.

The judgment of the trial court is affirmed.