**Patrick F. ESKEW, Sr., Appellant,**

v.

**JOHNSTON PRINTING COMPANY,
Appellee.**

No. 20492.

Court of Civil Appeals of Texas,
Dallas.

April 2, 1981.

Don D. Bush, Smith & Rector, Dallas, for appellant.

Richard F. McMullen, McMullen & Porter, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

GUITTARD, Chief Justice.

Johnston Printing Company sued Patrick Eskew on an alleged promise to pay the debt of a corporation. The trial court rendered summary judgment for Johnston, and Eskew appeals on the ground that the letter on which Johnston relies does not contain an unconditional promise to pay. We agree. Consequently, we reverse and remand.

The summary-judgment proof shows that Eskew was formerly the owner of the stock in Eskew Publishing Company, Inc., which published a magazine known as the "Independent Jeweler." Eskew sold his stock in the corporation, but retained a security interest. He subsequently foreclosed this security interest and again took over publication of the magazine, which in his absence had incurred an outstanding debt to Johnston Printing Company.

■ According to Eskew's affidavit in opposition to the motion for summary judgment, Johnston requested that the corporation execute a promissory note for the claimed balance of $19,000 due on the debt.

Eskew avers that he refused to do so, but instead wrote the letter in question, which contains the following:

This will confirm in writing my promise to you that I will endeavor to pay at least $1,000 each month on the $19,000 printing bill accumulated before October 27, 1978, when I foreclosed and re-possessed Independent Jeweler magazine. It is very kind of you to allow me this generous arrangement.

In that spirit will you please credit the enclosed Pat Eskew, Sr. personal check for $1,000 to the "old account" to make a balance of $18,000.

Enclosed is another check for $172.40 drawn on our new business account at Oak Cliff Bank. This check, along with the $5,000 payment of October 31 will clear your Invoice Number 6633 addressed to Pat Eskew Co. for printing the October, 1978 issue.

The reason for two separate checks here is because I do not yet have sufficient funds in the new business account to cover this total payment. And also, for accounting reasons I prefer to "draw a line" between business done with all suppliers prior to and after October 27. Thus, I can set up on my new bookkeeping sheets a separate "old account" with balance $19,000 less this payment $1,000 = Balance due $18,000.

However, this is merely for my own convenience. You may of course charge or credit any way you want to according to your policy. My promise to you re the old debt stands regardless of how we handle the money.

Eskew contends that the only promise in this letter is a promise to "endeavor" to make the specified payments. Consequently, he says, the promise is, at most, conditioned on his ability to pay, which has not been alleged or proved. Johnston contends that "endeavor" relates only to the proposed schedule of monthly payments and does not detract from the general intent of the letter, which is to promise payment by Eskew of the corporate debt.

We see no unconditional promise in the letter. Even if "endeavor" concerns the

time of payment, the only "promise" in the letter is "that I will endeavor to pay at least $1,000 each month." No other "promise" can be found in the letter. The subsequent reference to "my promise" adds nothing because it simply reaffirms the same "promise to you that I will endeavor to pay at least $1,000 each month." Consequently, no general intent appears to make an unconditional promise to pay.

Johnston also insists that Eskew is bound by his failure to file a timely response to Johnston's request for admissions. One of these is to the effect that the first paragraph of the letter "states that Defendant promised to pay to Plaintiff $19,-000." This request is not binding on Eskew because it calls for a conclusion concerning the legal effect of the letter rather than a "matter of fact" within rule 169 of the Texas Rules of Civil Procedure. *American Title Co. v. Smith*, 445 S.W.2d 807, 809–10 (Tex.Civ.App.-Houston [1st Dist.] 1969, no writ); *White v. Watkins*, 385 S.W.2d 267, 269 (Tex.Civ.App.-Waco 1964, no writ.). For the reasons stated we hold that the letter does not have the effect of an unconditional promise to pay the corporation's debt. Consequently, summary judgment was not proper.

Reversed and remanded.