**Agi ROZSA**

v.

**Stephen George JENKINSON.**

**No. 04–87–00706–CV.**

Court of Appeals of Texas,
San Antonio.

July 20, 1988.

Agi Rozsa, San Antonio, pro se.

R.C. Joe Mikeska, Temple, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

CANTU, Justice.

This is a summary judgment case stemming from an automobile collision/negligence suit. Appellant is before us *pro se* by writ of error filed within six months after final judgment was rendered.

Appellant was involved in a car accident in Bexar county on March 14, 1985. Appellees filed a negligence suit against appellant on March 31, 1986, and properly served appellant at her correct address which included the apartment number "27B". Appellant answered pro se on April 26, 1986, by sending a letter directly to the trial judge denying responsibility for the accident.[1]

---

1. Appellant's answer stated:

Dear Sir, I received a Citation on the 9th day of April 1986. I was asked by the Court to appear by filing a written answer to Plaintiff's [sic] original petition. * * * This is my response: I feel outraged by Mr. Jenkinson's petition. I find his motivation being one of greed. * * * The damages on my car was Total. I had to sell it for parts. At the time I had no insurance to pay for it all. Mr. Jenkinson and I had discussed this on the scene. My consciousness [sic] was so clear of fault that I pleaded to Mr. Jenkinson's help to pay for some of my damages. I had no doubdt [sic] that He realized his part of responsibility. It was all too obvious. Apparently I was wrong to assess goodwill from

Appellant then received, properly addressed, appellees' Request for Admissions, dated August 8, 1986. The request demanded that appellant "specifically admit under oath or deny under oath the following facts" within 30 days after service. Appellant did not answer the request for admissions.

Appellees filed a motion to deem the request for admissions admitted on October 1, 1986. The record does not reflect any action being taken on this motion, but presumably the trial court allowed the admissions to stand for summary judgment purposes. On retrial the trial court is empowered to strike the admissions and permit appellant to answer the requests for admissions, if equity so requires. TEX.R. CIV.P. 169.[2] *See Gordon v. Williams,* 164 S.W.2d 867, 868 (Tex.Civ.App.—Beaumont 1942, no writ) (Rule 169 should not be construed to give one party advantage by permitting judgment without testimony when case can be opened without injustice).

Appellees then moved for summary judgment based upon the deemed admissions. Notice of the motion for summary judgment was improperly addressed and mailed to apartment 2713, instead of appellant's apartment, 27B.

Summary judgment was taken against appellant on June 17, 1987. Appellant was not present and did not participate in any way. The judgment ordered appellant to pay $100.00 to appellee Stephen Jenkinson, $8,737.23 to appellee Zurich American Ins. Co., plus costs and 10% interest.

Appellant brings a single point of error: that the trial court erred in granting the motion for summary judgment because appellees failed to comply with TEX.R.CIV.P. 166a and TEX.R.CIV.P. 21a providing for proper notice of the summary judgment hearing.[3]

---

Mr. Jenkinson. Not only He denies responsibility for the accident but He is charging me with fabricated speculations based on nothing, /which I can prove in details if needed/. The Lord is my witness that I conducted myself extra cautiously at the time of the accident. Furthermore I was fully aware of myself abiding by traffic regulations. * * *

**2.** TEX.R.CIV.P. 169 states in pertinent part:

1. *Request for Admission.* At any time after the defendant has made appearance in the cause, or time therefor has elapsed, a party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 166b set forth in the request that relate to statements or opinions of fact or of the application of law to fact,.... A true copy of a request for admission or of a written answer or objection, together with proof of the service thereof as provided in Rule 21a, shall be filed promptly in the clerk's office by the party making it.... The matter is admitted without necessity of a court order unless, within thirty (30) days after service of the request, *or within such time as the court may allow,* the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney ...

\* \* \* \* \* \*

2. *Effect of Admission.* Any matter admitted under this rule is conclusively established as to the party making the admission *unless the court on motion permits withdrawal or amendment of the admission.* Subject to the provisions of Rule 166 governing amendment of a pre-trial order, and Rule 166b–6 governing duty to supplement discovery responses, *the court may permit withdrawal or amendment of responses and deemed admissions upon a showing of good cause for such withdrawal* or amendment if the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby....

TEX.R.CIV.P. 169 (emphasis added). *See also Curry v. Clayton,* 715 S.W.2d 77, 78, 79 (Tex. App.—Dallas 1986, no writ) (trial court may strike deemed admissions and grant time for response after deemed admitted by operation of law); *Texas Employers' Ins. Assn. v. Bragg,* 670 S.W.2d 712, 715 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.) (court has broad discretion to allow non-answering party to deny request for admission after time has expired).

**3.** TEX.R.CIV.P. 166a(c) provides:

... Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing....

TEX.R.CIV.P. 21a provides:

Every notice required by these rules ... may be served by delivering a copy of the notice or of the document to be served ... to the party to be served ... either in person or by registered mail *to his last known address....* A written statement by an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service. *Nothing herein shall preclude any party from*

Proper notice to the non-movant of the summary judgment hearing is a prerequisite to summary judgment. *See Gulf Refining Co. v. A.F.G. Management 34 Ltd.*, 605 S.W.2d 346, 349 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). The right to summary judgment exists only in compliance with TEX.R.CIV.P. 166a, and the movant must comply with all the requirements of the rule before being entitled to summary judgment. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (1958).

We find that appellant was never properly served with notice of the summary judgment hearing, as required by Rule 166a.[4] The error and invalidity of the trial court's judgment affirmatively appears on the face of the record in that the wrong address for appellant is typed on the notice of Motion for Summary Judgment. Additionally, the record shows that appellees had access to appellant's correct address and served appellant with other documents at her correct address twice prior to the motion for summary judgment. Therefore, the notice was not sent to appellant's "last known address."

Appellant's point of error is sustained. We further find that all requirements for the writ of error have been met. We reverse the summary judgment and remand this cause to the trial court for trial on the merits.

*offering proof that the notice or document was not received,* or, if service was by mail, that it was not received within three days from the date of deposit in a post office or official depository under the care and custody of the United States Postal Service, and upon so finding, *the court may extend the time for taking the action* *required of such party or grant such other relief as it deems just....*
(emphasis added).

4. If a failure to give less than 21 days notice does not comply with Rule 166a, no notice is even less compliance.