Arnulfo **GONZALES** d/b/a Pueblo
Leasing Insurance Co.,
Appellant,

v.

**SURPLUS INSURANCE SERVICES,**
Appellee.

No. 09–91–270 CV.

Court of Appeals of Texas,
Beaumont.

June 24, 1993.

Rehearing Denied Aug. 16, 1993.

Cornelia A. Hartman, Paul C. Looney & Associates, Houston, for appellant.

Daniel P. McManus, Raymond W. Greer, Raymond W. Greer & Associates, Houston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This appeal results from the trial court's overruling of appellant's motion for new trial after the granting of summary judgment. Appellant alleges in his motion for new trial that he did not receive notice of the summary judgment hearing. The trial court considered the evidence presented at hearing on appellant's motion for new trial and determined that notice to appellant was sufficient, and that appellant failed to show his entitlement to a new trial.

Factually, the parties hereto had an agreement whereby appellant would be responsible to appellee for premiums due on insurance policies issued through appellee to insureds produced by appellant. Appellee filed suit against appellant for monies owed to appellee by appellant. Appellee later filed Plaintiff's First Amended Petition, which included claims against appellant based on

sworn account, quantum meruit and quantum valebant, and breach of contract. The record before this Court does not contain plaintiff's original petition nor defendant's answer thereto. However, appellant tells us that plaintiff's original petition was filed on July 17, 1990, same being answered by appellant, Gonzales, through his attorney of record, Peter Sanchez–Navarro, Jr.

To better illustrate the chronology of events relevant to this appeal, the following times and events are set forth:

| | |
|---|---|
| 4–22–91 | "Plaintiff's First Amended Petition" and discovery requests, including request for admissions ("Mail 1"), mailed to Appellant. |
| 4–23–91 | "Plaintiff's First Amended Petition" and discovery requests, including request for admissions, filed. |
| 4–23–91 | First notice of "Mail 1" to Appellant by U.S. Post Office. |
| 4–28–91 | Second notice of "Mail 1" to Appellant by U.S. Post Office. |
| 5–8–91 | Return of "Mail 1" to Appellant by U.S. Post Office. |
| 5–14–91 | Appellee again mailed Appellant "Plaintiff's First Amended Petition" and discovery requests, including request for admissions ("Mail 2"), after return of "unclaimed" envelope and conference with Appellant's counsel. |
| 5–23–91 | Appellant claims from U.S. Post Office "Mail 2," envelope containing Plaintiff's First Amended Petition and discovery documents. |
| 6–27–91 | Plaintiff's motion for summary judgment, exhibits, and notice of hearing ("Mail 3") mailed to Appellant after admissions deemed by operation of law. |
| 6–28–91 | Plaintiff's motion for summary judgment, etc., filed. |
| 6–29–91 | First notice of "Mail 3" to Appellant by U.S. Post Office. |
| 7–4–91 | Second notice of "Mail 3" to Appellant by U.S. Post Office. |
| 7–14–91 | Return of "Mail 3" to Appellant by U.S. Post Office. |
| 7–19–91 | Appellant files First Amended Answer and late response to request for admissions. |
| 7–23–91 | Summary judgment granted at hearing. |
| 8–22–91 | Appellant files motion for new trial. |
| 9–18–91 | Appellee files response to motion for new trial, with affidavits. |
| 9–19–91 | Hearing on Appellant's motion for new trial; evidence presented, motion denied. |

---

■ Appellant brings two points of error for this Court's consideration. Point of error one contends that the trial court erred as a matter of law in granting appellee's motion for summary judgment in that appellant did not receive notice of the hearing on same. We take appellant's position to be that unless appellee can affirmatively show at a hearing on motion for new trial that appellant received actual notice of the hearing on motion for summary judgment that a new trial must be granted as a matter of law. Our threshold question is whether or not Tex.R.Civ.P. 21a and 166a require such procedural due process as to mandate proof of actual receipt of notice. The underlying requirement of all civil judgments is that procedural due process be met. Our legal system is and should be diligent in preventing blind siding of party or parties in civil litigation. At a minimum, procedural due process is that right guaranteed by the Fourteenth Amendment to the United States Constitution which protects those who are unaware or unsuspecting of legal proceedings which may ultimately affect their interests.

Appellant's brief is both an attack upon the granting of summary judgment and upon the lack of actual notice of the summary judgment proceeding. Regarding the granting of summary judgment, the trial court had before it the following documents:

Plaintiff's First Amended Petition;

Plaintiff's Request for Admissions, deemed admitted by operation of law;

Plaintiff's motion for summary judgment, with affidavits, and a certificate of service showing compliance with Tex.R.Civ.P. 21a and 166a.

Defendant's First Amended Answer;

Defendant's late response to request for admissions, without a request for late filing or request to undeem admissions;

The admissions which appellant failed to answer were deemed admitted by operation of law. These admissions proved every element of appellee's case against appellant.

## I. *PROCEDURAL DEFAULT*

In examining the record before us, appellant failed to timely answer request for admissions, or to file written objections, or to file a motion to file answers late, resulting in the appellee's admissions being deemed. Appellant admits receiving the request for admissions on May 23, 1991 and based on Rule 169 and Rule 21a admissions would be deemed by operation of law on June 26, 1991. The record reflects that appellant made no response to anything until July 19, 1991, and summary judgment was granted July 23, 1991. Admissions, once deemed admitted, are judicial admissions and appellant may not then introduce controverting testimony in any legal proceeding related to the instant action. *Shaw v. National County Mut. Fire Ins. Co.*, 723 S.W.2d 236, 238 (Tex.App.—Houston [1st Dist.] 1986, no writ). Deemed admissions may be employed as summary judgment proof, *Elkins v. Jones*, 613 S.W.2d 533, 534 (Tex.Civ.App.—Austin 1981, no writ); and once admissions are deemed admitted by operation of law and where said admissions fully support each element of appellee's motion for summary judgment, notice to appellant of any proceedings with regard to the motion for summary judgment would appear moot.

A key issue appears to be the timing of appellee's request for admissions. Once appellant received a copy on May 23, 1991, the clock started ticking. The admissions were automatically deemed admitted on June 26, 1991. At this point in the proceedings, no notice problem existed. On June 27, 1991, one day after the deemed admissions took effect which essentially fully proved each and every element of appellee's case as a matter of law and not subject to any controverting evidence, *Overstreet v. Home Indem. Co.*, 669 S.W.2d 825, 827 (Tex.App.—Dallas), *rev'd on other grounds*, 678 S.W.2d 916 (Tex.1984); *American Title Co. v. Smith*, 445 S.W.2d 807, 809 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ), appellant had no recourse except

that given to him in Rule 169. Rule 169 permits objections, or motions to withdraw or amend the admissions, to be filed with the trial court. Appellant filed nothing until July 19, 1991. This was 22 days late. What appellant filed on July 19 were the answers originally requested. Appellant did not file a request to file late answers, appellant just filed the answers. On July 23, 1991 the appellee's motion for summary judgment was granted and signed by the trial court. It is not contested that appellant was not present in court on July 23, 1991.

In point of error one, appellant, citing a number of cases in his brief, asserts, "The notice provisions of Rule 166–A are intended to prevent judgment without the opposing party having a full opportunity to respond on the merits." *Williams v. City of Angleton*, 724 S.W.2d 414, 417 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). A glaring question arises: "What could appellant have done legally in response to the summary judgment motion?" The answer, for all practical purposes, is, nothing. In permitting appellant to do anything, the trial court's discretion was limited to allowing appellant to somehow attempt to show good cause for filing late answers. Appellant's "Motion For New Trial" states, however: "Defendant would show that his failure to respond to the plaintiff's request for admissions until July 19, 1991, was not intentional or the result of conscious indifference on his part, but due to mistake or accident, accentuated by the plaintiff's unclear pleading."

Therefore, notice to appellant of the summary judgment hearing was essentially moot as appellant was legally precluded from introducing any evidence controverting the deemed admissions. The trial court was essentially performing a ministerial act in granting the summary judgment motion.

*Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) appears, at first blush, dispositive of the issue. In *Peralta*, a Texas case originating from a default judgment, the appellant was never served with notice on a suit for personal debt. Appellee conceded at oral argument before the Supreme Court that the Court must presume, for purposes of their

decision, the truth of appellant's claim that he was never served with process. In our case, it was hotly contested as to whether or not our appellant was "served" with either actual or constructive notice. Nonservice cannot be merely presumed from the conflicting evidence contained in the motion for new trial hearing.

Holding that the default judgment procedure denied their appellant due process, the Supreme Court in *Peralta* stated:

> The Texas courts nevertheless held, as appellee urged them to do, that to have the judgment set aside, appellant was required to show that he had a meritorious defense, apparently on the ground that without a defense, the same judgment would again be entered on retrial and hence appellant had suffered no harm from the judgment entered without notice. But this reasoning is untenable. As appellant asserts, had he had notice of the suit, he might have impleaded the employee whose debt had been guaranteed, worked out a settlement, or paid the debt. He would also have preferred to sell his property himself in order to raise funds rather than to suffer it sold at a constable's auction.

*Peralta, supra* 485 U.S. at 85, 108 S.Ct. at 899, 99 L.Ed.2d at 81.

In the instant case, the following alternatives, appellant posits, were available to him:

> Had Appellant's attorney received Appellee's Motion For Summary Judgment and the Notice of Hearing, he could have done a number of things to defend Appellant Gonzales. Specifically, he could have filed a response to the Motion for Summary Judgment or, if necessary, Appellant's attorney could have asked for leave of court to file a request for a late response to the Motion for Summary Judgment. Attorney for Appellant could have filed a motion requesting the court to withdraw the deemed admissions.... Assuming arguendo that the court finds that Appellant is required to set up a meritorious defense in its Motion for New Trial, Appellant was ready to exactly just (sic) that. After filing a Motion to Withdraw the Deemed Admissions, there certainly exists

questions of fact that preclude Summary Judgment for Appellee.

While the alternatives presented by the appellant in *Peralta* were realistically possible under the circumstances of that case, the alternatives presented by the appellant in the instant case are highly unlikely because of the fact that appellant simply failed to respond to appellee's request for admissions for no good reason, which in practical terms amounted to a procedural default.

Additionally, all of appellant's explanations and excuses were provided to the trial court during the motion for new trial hearing. Appellant actually had his day in court; he testified and cross-examined opposing counsel on the notice issue. Apparently, appellant was satisfied to let his "Motion for New Trial" stand in the shoes of a response to appellee's motion for summary judgment as is reflected in the following exchange between appellant and the trial court:

> THE COURT: Now, when you say "answer," are you talking about the response to the Motion for Summary Judgment?
>
> MR. NAVARRO (for appellant): No, sir. I'm talking about our answer to the Plaintiff's First Amended Petition. In which we answered. Our first amended answer. Which is on file at this point.
>
> THE COURT: Okay. All right. Of course, that still does not constitute a response to the Motion for Summary Judgment, right?
>
> MR. NAVARRO: Well, in effect in our Motion for New Trial the Court can take notice of the fact that in Paragraphs 1, 2 and 3 of our Motion for New Trial that it is the equivalent of a response. I have a copy of our—well, the Court has it before it.

After hearing all of the testimony, the trial court, for whatever reason, was not persuaded and denied appellant a new trial.

The Supreme Court, in focusing on the due process issue, boiled it down to the following:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the

pendency of the action and afford them the opportunity to present their objections. *Id.* Again, in the instant case, "under the circumstances," once the admissions were deemed admitted by operation of law on June 26, 1991, the appellee's lawsuit was proven in its entirety and case law completely prohibited the admission of any contradictory summary judgment evidence. *Whitworth v. Kuhn,* 734 S.W.2d 108, 111 (Tex.App.—Austin 1987, no writ). We believe *Peralta* is completely distinguishable from the post-answer facts and procedures involved in the instant case.

## II. *CONSTRUCTIVE NOTICE*

Procedural requirements under TEX. R.CIV.P. 21a and 166a are purposely rigid for the protection of a party's due process rights. It is because of those precious rights that we limit our holding in the present case. We do not believe, however, that those procedural requirements are of such rigidity that the movant for summary judgment must show as a matter of law that non-movant actually received notice of hearing. We believe that under certain circumstances a party's actions or non-action can constitute a waiver of procedural due process rights. We believe the case before us presents such a waiver. Having set forth an analysis of events pertaining to the present litigation, it is clear that the trial court could have found that counsel for appellant has engaged in what may be perceived to be instances of selective refusal/acceptance of certified mail. Counsel for appellee received the envelope containing "Plaintiff's First Amended Petition" and discovery request marked "Unclaimed" by the U.S. Post Office after two attempted deliveries to appellant's counsel. Appellant produced no evidence controverting these attempted deliveries. Appellee's counsel conferred with appellant's counsel regarding appellant's counsel's failure to claim his mail. Counsel for appellee again properly mailed "Plaintiff's First Amended Petition" and discovery documents to appellant's counsel. Included in these discovery documents was appellee's request for admissions which were ultimately deemed admitted. Again, appellant gives no legally justifiable reason for failing to respond to appellee's request for admissions. We cannot disregard the fact that appellant not only knew of the on-going litigation against him but had filed his answer in response to plaintiff's original petition. Appellant was also aware that appellee was pursuing its cause of action with vigor as shown by the filing of "Plaintiff's First Amended Original Petition" and "Request for Discovery." Two attempts were made by the U.S. Postal Service to deliver notice to appellant's counsel regarding the hearing on the "Motion for Summary Judgment." It appears that appellant's counsel chose the somewhat dangerous posture in the trial court of believing that if notice is not actually received that no notice exists.

"When a party complies with TEX.R.CIV.P. 21a, by a certificate of service upon opposing counsel, this raises a prima facie showing of notice." *Costello v. Johnson,* 680 S.W.2d 529, 536 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). At the time of the summary judgment hearing, appellee presented a proper certificate of service upon opposing counsel, showing strict compliance with the service requirements of TEX.R.CIV.P. 21a and 166a. It is not required that the record reflect receipt of notice by non-movant. *Id.* at 532.

■ We believe appellant's reliance on *Anchor Casualty Co. v. Crisp,* 346 S.W.2d 364, 366 (Tex.Civ.App.—Amarillo 1961, no writ), is misplaced. Appellant contends that the mailing, by appellee, of the notice of hearing on motion for summary judgment merely raises a rebuttable presumption of fact that it was duly received by the addressee. Appellant seems to contend that this in some way becomes a material issue of fact in the case. Not so. *Crisp,* involved the question of receipt by insured of notice of cancellation sent by insurer. The notice question in *Crisp* was a material fact for determination in the case, if not an ultimate issue. Here we are dealing with procedural facts regarding the proper presentation of the motion for summary judgment to the trial court. A determination of procedural facts lies within the sound discretion of the trial court.

■ We believe that the better course requires a restrictive holding directed to the specific facts of the case before the trial

court at the motion for new trial hearing. We hold that, where it is shown, as here, that a party has fully complied with the notice requirements set forth in TEX.R.CIV.P. 21a and 166a, yet fails to establish actual receipt of notice upon opposing party or counsel, such notice shall be sufficient constructive notice where it is shown that the intended recipient engaged in instances of selective acceptance/refusal of certified mail relating to the case. The restrictive nature of our holding is not intended as a holding that constructive notice be limited only to those cases where facts show a selective acceptance/refusal of notice. We believe that a determination of constructive notice should be made on a case-by-case basis rather than by statement of a general rule. We fear that the statement of a general rule pertaining to notice under Rules 21a and 166a would be defeative of our protective concerns for procedural due process. Point of error one is overruled.

Point of error two contends that the trial court erred in overruling appellant's motion for new trial because without notice appellant was not required to assert a meritorious defense.

Appellee contends that in order for appellant to obtain a new trial, appellant must demonstrate compliance with *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). Appellant informs that *Craddock* does not apply to this case nor to these circumstances. Appellant contends that the record establishes that appellant had no actual or constructive notice of the hearing on the "Motion for Summary Judgment," therefore, appellant need not show that he had a meritorious defense as a condition to receiving a new trial, citing *Lopez v. Lopez*, 757 S.W.2d 721 (Tex.1988). Appellant further relies on *Peralta v. Heights Medical Center, Inc., supra*, for the proposition that one need not show a meritorious defense, in the absence of notice for lack of notice violates due process rights under the Fourteenth Amendment to the United States Constitution.

Our holding on appellant's point of error one should adequately dispel appellant's contention that he did not have constructive notice of the hearing on the "Motion for Summary Judgment." Having held that appellant had such constructive notice, we believe it elementary that appellant's efforts to set aside the default summary judgment must comply with the requirements of *Craddock, supra* 133 S.W.2d at 126.

■ The *"Craddock"* test for setting aside a default judgment places upon the movant for new trial, the following requirements:

(1) To show that defendant's failure to appear was not intentional, or the result of conscious indifference, but was due to mistake or accident;

(2) that defendant had a meritorious defense;

(3) that the motion for new trial was filed when it would not occasion a delay or otherwise work an injury to the plaintiff.

*Craddock* applies not only to default judgments, but also to default summary judgments. *Costello, supra*, 680 S.W.2d at 531.

■ Appellant positions that *Craddock* is not applicable to the case at hand, even though appellant's motion for new trial pleads the *Craddock* elements without specific reference to the case. Again, given our holding that appellant did have constructive notice satisfactory to Rule 21a and 166a, appellant's point of error two becomes seemingly moot. We, nevertheless, hold that *Craddock* is applicable to the case before us and that appellant has failed in his burden of showing that his failure to appear at the hearing on the "Motion for Summary Judgment" was not intentional, or the result of conscious indifference. Obviously, appellant could not meet the second part of the *Craddock* test by showing meritorious defense in view of the deemed admissions.

Regarding point of error two, we hold that appellant has failed to negate his conscious indifference to the proceedings. TEX. R.CIV.P. 1 provides, "The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." The trial court weighed the equities and the evidence at the motion for new trial and found that appellant was properly served with notice. A party

should not be allowed to indefinitely delay the adjudication of the merits of a cause by alleging lack of notice while fact and circumstances indicate that "the fault lies not in our stars but in ourselves." Appellant's point of error two is overruled. The summary judgment entered by the trial court is, in all things, affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. I disagree with the majority on all aspects of its opinion, notice of the summary judgment hearing and the applicability of *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939).

## NOTICE OF THE SUMMARY JUDGMENT· HEARING

The majority initially tries to justify its holding by stating: "notice to appellant of the summary judgment hearing was essentially moot as appellant was legally precluded from introducing any evidence controverting the deemed admissions. The trial court was essentially performing a ministerial act in granting the summary judgment motion." This argument, that since no defense was available, a retrial is useless since it would only result in a rendition of the same judgment on retrial, thus no harm has occurred, was rejected as untenable in *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) (quoted by the majority). Contrary to the majority, I do not believe "... *Peralta* is completely distinguishable...."

Next, the majority justifies its affirmance by finding constructive notice based upon the attempted deliveries of the motion for summary judgment and the notice of hearing because "the intended recipient engaged in instances of selective acceptance/refusal of certified mail relating to the case." However, the majority cites no cases to buttress this finding or conclusion. The majority must rely upon this constructive notice theory because the evidence is uncontroverted that appellant did not receive notice of the

summary judgment hearing prior to the judgment being granted. Not only did appellant's attorney testify to that fact, appellee admitted it by attaching a copy of the returned envelope marked "Unclaimed".

The certificate of service of the motion for summary judgment states that on the 27th day of June, 1991, it "was deposited in the United States Mail, postage prepaid certified mail, return receipt requested and/or was sent via telephonic document transfer and/or was messengered to" appellant's attorney. Tex.R.Civ.P. 21a sets up a presumption that notice of a trial setting was duly received; this presumption "has the force of a rule of law"; however, this presumption may be rebutted by an offer of proof that the notice was not received. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex.1987). There is no notice of hearing in the record before us [1]; therefore the record on its face shows noncompliance with Tex.R.Civ.P. 166a. Because summary judgment is a harsh remedy, the notice provisions of Rule 166a are strictly construed. *Williams v. City of Angleton*, 724 S.W.2d 414, 417 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Williams v. Carpentier*, 767 S.W.2d 953, 954 (Tex.App.—Beaumont 1989, no writ).

Several cases support the position that notice is essential. *Rozsa v. Jenkinson*, 754 S.W.2d 507 (Tex.App.—San Antonio 1988, no writ), was a writ of error case where the non-movant was sent notice of summary judgment to the wrong address. Proper notice to the non-movant of the summary judgment hearing is a prerequisite to summary judgment. *See Gulf Refining Co. v. A.F.G. Management 34 Ltd.*, 605 S.W.2d 346, 349 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). In *Rozsa*, the error appeared on the record in that the wrong address was typed on the notice so writ of error requirements were met and the summary judgment was reversed. *Wavell v. Caller–Times Pub. Co.*, 809 S.W.2d 633 (Tex.App.—Corpus Christi 1991, writ denied), was a summary judgment case reversed because of no proper

---

1. The reader is at an obvious disadvantage when members of an appellate court disagree as to

what is in the record.

notice of the hearing date. *Tafollo v. Southwestern Bell Tel. Co.*, 738 S.W.2d 306 (Tex. App.—Houston [14th Dist.] 1987, no writ) was a summary judgment appeal through writ of error. The court held the record did "not contain any evidence or documents to reflect that appellant received notice of the date set for hearing on appellee's motion for summary judgment."

### THE "CRADDOCK" REQUIREMENT

When no notice is proven, as the factual case here, it is not necessary to prove a meritorious defense. *Lopez v. Lopez*, 757 S.W.2d 721 (Tex.1988).

While the majority states: "we believe it elementary that appellant's efforts to set aside the default summary judgment must comply with the requirements of *Craddock* ...", the courts of appeal are divided on the issue. As the majority notes, *Costello v. Johnson*, 680 S.W.2d 529, 531 (Tex.App.—Dallas 1984, writ ref'd n.r.e.), holds *Craddock* applies to "default" summary judgments. *See also Krchnak v. Fulton*, 759 S.W.2d 524, 529 (Tex.App.—Amarillo 1988, writ denied).

However, the Houston First Court of Appeals has held otherwise. In *Enernational Corp. v. Exploitation Engineers*, 705 S.W.2d 749 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), which involved a motion for new trial after a summary judgment, the court held the requirements of *Craddock* have no application to an appeal from the granting of a summary judgment. They noted that a summary judgment is not granted because a non-movant fails to answer, but because the movant's summary judgment proof is sufficient as a matter of law. 705 S.W.2d at 751. Later, *Rabe v. Guaranty Nat. Ins. Co.*, 787 S.W.2d 575 (Tex.App.—Houston [1st Dist.] 1990, writ denied), followed the rationale of *Enernational Corp.* I believe the Houston Court has the better of the argument and rationale. *Craddock* should not apply in the summary judgment context.

In summary:

a. appellant proved he did not receive notice of the summary judgment hearing,

b. this rebutted the presumption of Rule 21a,

c. no other court has resorted to a constructive notice scenario in a summary judgment proceeding,

d. because summary judgment is a harsh remedy, this court should neither invent nor utilize the constructive notice theory,

e. without notice, *Craddock* definitely does not apply,

f. with notice, *Craddock* should not apply.