# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00118-CV

**Wilson Dele Ihonvbere, Appellant**

**v.**

**State Farm Mutual Auto Insurance, Subrogee for Alan Croock, Appellee**

## FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
## NO. 283138, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Wilson Dele Ihonvbere brings a restricted appeal of the trial court's entry of a default summary judgment in favor of State Farm Mutual Auto Insurance, subrogee for Alan Croock ("State Farm"), in a suit for damages arising out of an automobile collision between Ihonvbere and Croock. We will reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Ihonvbere and State Farm's insured, Croock, were involved in an automobile accident in February 2004. Pursuant to the insurance policy, State Farm paid Croock $11,926.49 as compensation for the damage to his vehicle. In January 2005, State Farm filed a subrogation action against Ihonvbere alleging that his negligence caused the accident and seeking to recover the money paid to Croock, along with costs and pre- and post-judgment interest. In its original petition, State Farm stated that Ihonvbere could be served with citation at "7610 Cameron Rd. *#2088*, Austin,

Travis County, Texas 78752." (Emphasis added.) Citation was issued using that address. In the affidavit of service, however, the process server stated that he served the citation by personal delivery to Ihonvbere at "7610 Cameron Rd., Bldg. 14, *Apt. 1088* Austin, Texas 78752." (Emphasis added.)

Ihonvbere, appearing pro se, filed a general denial and affirmative defenses. Ihonvbere's answer also included a "counterclaim" against Croock alleging that Croock's negligence caused the accident and seeking to recover $4,000 for damages to Ihonvbere's vehicle. Although identified as a counterclaim, Ihonvbere's claim against Croock was actually a third-party action. *See* Tex. R. Civ. P. 38(a). There is nothing in the record to indicate that Ihonvbere requested issuance of citation or sought to obtain service on Croock. Ihonvbere did not include Croock's address in his pleading, and the certificate of service states that the only party served was State Farm. In the signature block of his answer, Ihonvbere provided his address as "7610 Cameron Rd. *#1088* Austin, Texas 78752." (Emphasis added.)[1]

In March 2005, State Farm served Ihonvbere with a request for admissions by certified mail addressed to "7610 Cameron Rd. *#2088* Austin, Texas 78752." (Emphasis added.) The envelope containing the discovery requests mailed to that address was returned to State Farm's attorney marked "return to sender." In May 2005, State Farm filed a motion for summary judgment relying in part on the unanswered request for admissions. State Farm served the motion for summary judgment, along with a notice of hearing, by mailing it to Ihonvbere again using the "7610 Cameron

---

[1] Although originally typed as "7610 Cameron Rd. #2088," a handwritten correction changed the apartment number to "#1088."

Rd. *#2088* Austin, Texas 78752" address. (Emphasis added.) State Farm passed the first hearing, and served Ihonvbere with a second notice of hearing again by mailing it to "7610 Cameron Rd. *#2088* Austin, Texas 78752." (Emphasis added.) Ihonvbere did not file a response to the motion for summary judgment and did not appear at the hearing on the motion. In August 2005, the trial court signed a summary judgment in State Farm's favor awarding $12,125.27 in damages and pre-judgment interest, along with costs and post-judgment interest. The order did not address Ihonvbere's third-party claim against Croock. In February 2006, Ihonvbere filed his notice of restricted appeal from the summary-judgment order.

## DISCUSSION

### *Appellate Jurisdiction*

As an initial matter, we must determine whether the order granting summary judgment in State Farm's favor is a final, appealable order. By his first issue, Ihonvbere questions whether the order is final because it does not dispose of all parties and claims before the trial court, specifically his claim against Croock. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The summary judgment order states that State Farm is "entitled to judgment on all issues in this case" but does not dispose of Ihonvbere's claim against Croock. However, the record does not contain an answer or other appearance by Croock. When the remaining party is never served with citation and does not file an answer, and nothing in the record indicates that the plaintiff in the case ever expected to obtain service upon the remaining party, "the case stands as if there had been a discontinuance as to [the unserved party], and the judgment is to be regarded as final for the purposes

3

of appeal." *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962); *see also M. O. Dental Lab v. Rape*, 139 S.W.3d 671, 674-75 (Tex. 2004) ("This holding in *Penn* was not overruled, expressly or otherwise, by *Lehmann*. . . . In *Penn*, an examination of the record revealed no intent that the plaintiff expected to serve the unserved defendant, and this Court correctly regarded the judgment as final."). The discontinuance acts as a nonsuit without prejudice as to defendants that were not served. *First Dallas Petroleum, Inc. v. Hawkins*, 715 S.W.2d 168, 169-70 (Tex. App.—Dallas 1986, no writ). Conversely, when the record reflects that a plaintiff expects to obtain service on unserved parties, a judgment disposing of only the parties served is interlocutory. *See, e.g.*, *Maryland Cas. Co. v. American Home Assurance Co.*, No. 01-06-00237-CV, 2007 Tex. App. LEXIS 2495, at *3 (Tex. App.—Houston [1st Dist.] Mar. 29, 2007, no pet.) (mem. op.) (summary judgment interlocutory because record indicated plaintiff expected to obtain service on remaining parties); *Wanzer v. Mendoza*, No. 04-05-00505-CV, 2005 Tex. App. LEXIS 7916, at *1 (Tex. App.—San Antonio Sept. 28, 2005, no pet.) (mem. op.) (dismissal order interlocutory when supplemental record reflected that plaintiff expected to obtain service on and pursue claims against unserved parties).

The record in this case contains nothing to indicate that Ihonvbere intended or expected to serve Croock. There is no request for issuance of citation or service on Croock; Ihonvbere's pleading does not include an address for Croock; and Ihonvbere did not serve Croock with a copy of his answer containing his claim against Croock. The district court granted summary judgment in favor of State Farm on all issues, without addressing the claim against the unserved defendant. Consequently, the claim against Croock is treated as discontinued, and the trial court's

order is a final judgment for purposes of this appeal. *Penn*, 363 S.W.2d at 232. Ihonvbere's first issue is overruled.

### *Restricted Appeal*

A restricted appeal is a direct attack on a judgment. *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The elements necessary to succeed on a restricted appeal are: (1) the notice of restricted appeal must be filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who neither participated in the hearing that resulted in the judgment nor filed a timely post-judgment motion or request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999) (per curiam); *Norman Commc'ns, Inc. v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *see also* Tex. R. App. P. 30 (restricted appeals replace writs of error).

The judgment was signed on August 26, 2005, and Ihonvbere filed his notice of restricted appeal on February 27, 2006. In a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed. Tex. R. App. P. 26.1(c). Rule 4 provides that, when computing a time period prescribed or allowed by the rules, the day of an act, event, or default after which the designated period of time begins to run is not included. Tex. R. App. P. 4.1(a). The rule further provides that the last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday. *Id.* February 26, 2006, was a Sunday; Ihonvbere's notice of appeal, filed on February 27, 2006, was therefore timely.

5

The second element of a restricted appeal is met as Ihonvbere is a party to the lawsuit. With respect to the third element, "participation" for purposes of a restricted appeal means simply that the appellant participated in the decision-making event that resulted in the judgment adjudicating his rights. *Parsons v. Dallas County*, 182 S.W.3d 451, 453 (Tex. App.—Dallas 2006, no pet.) (citing *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996)). In the context of a summary judgment, a restricted appeal is available when the appellant neither filed a response nor appeared at the hearing on the summary judgment motion. *Lake v. McCoy*, 188 S.W.3d 376, 378 (Tex. App.—Dallas 2006, no pet.). It is the "fact of nonparticipation, not the reason for it," that determines an appellant's right to a restricted appeal. *Texaco*, 925 S.W.2d at 590. Ihonvbere did not respond to the summary judgment motion and did not appear at the hearing on the motion that resulted in the judgment. Therefore, Ihonvbere has satisfied the nonparticipation element for a restricted appeal. Furthermore, Ihonvbere did not timely file any post-judgment motion or request for findings of fact or conclusions of law. Consequently, this Court may consider whether Ihonvbere has demonstrated that there was error on the face of the record.

***Error on the Face of the Record***

A restricted appeal affords review of the entire case and therefore permits the same scope of review as an ordinary appeal. *See Norman Commc'ns*, 955 S.W.2d at 270; *Roventini*, 111 S.W.3d at 721. The face of the record in a restricted appeal consists of the papers on file with the court when it rendered judgment. *General Elec. Co. v. Falcon Ridge Apts., Joint Venture*, 811 S.W.2d 942, 943-44 (Tex. 1991). Accordingly, in our review on restricted appeal, this Court may

6

not consider as part of the record any evidence or documents that were not before the trial court when it rendered judgment. *See id.* at 944; *Roventini*, 111 S.W.3d at 722.

By his second issue, Ihonvbere contends that State Farm's motion for summary judgment and notice of hearing were not properly served because they were sent to the wrong address. We must strictly construe the notice requirements of the rules of civil procedure in summary judgment cases. *Shaw v. Radionic Indus., Inc.*, No. 05-07-01333-CV, 2008 Tex. App. LEXIS 8312, at *3 (Tex. App.—Dallas Nov. 5, 2008, no pet.) (mem. op.); *Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 381 (Tex. App.—Fort Worth 2005, pet. denied). The rules of civil procedure require that motions for summary judgment be filed and served on the nonmovant at least 21 days before the time specified for the hearing. *See* Tex. R. Civ. P. 166a(c). The nonmovant is entitled to proper notice of a summary judgment hearing. *See Etheredge*, 169 S.W.3d at 381; *see also* Tex. R. Civ. P. 21a. Notices and motions may be served by delivering a copy to the party to be served by certified or registered mail. Tex. R. Civ. P. 21a, 166a; *Etheredge*, 169 S.W.3d at 381. Service by mail must be sent to the party's last known address. Tex. R. Civ. P. 21a; *Etheredge*, 169 S.W.3d at 381.

Rule 57 of the rules of civil procedure requires a party not represented by an attorney to sign his pleadings and state his address, telephone number, and if available, telecopier number. Tex. R. Civ. P. 57. The signature block for Ihonvbere's answer filed with the court states that his address is "7610 Cameron Rd. #1088 Austin, Texas 78752."[2] Nothing in the record indicates that

---

[2] State Farm argues that the copy of Ihonvbere's answer it received from him does not include the handwritten notation changing the apartment number from 2088 to 1088. On March 13, 2006, State Farm filed in the district court a copy of the answer it claims to have received

7

Ihonvbere filed any change of address with the district court after stating his address in the signature block of his answer. Consequently, Ihonvbere's last known address for purposes of serving the motion for summary judgment and notice of hearing was "7610 Cameron Rd. #1088 Austin, Texas 78752."[3] State Farm served its motion for summary judgment and notice of hearing by certified mail addressed to Ihonvbere at "7610 Cameron Rd. #2088 Austin, Texas 78752." Therefore, the record reflects that State Farm served Ihonvbere with both the motion for summary judgment and the notice of hearing at the wrong address.[4]

When the record establishes that the address to which papers are mailed is not the correct address, there is error on the face of the record. *Transoceanic Shipping Co. v. General Universal Sys., Inc.*, 961 S.W.2d 418, 420 (Tex. App.—Houston [1st Dist.] 1997, no writ). An error in a street address is reversible error. *See Rozsa v. Jenkinson*, 754 S.W.2d 507, 509 (Tex. App.—San Antonio 1988, no writ) (holding party not properly served when motions for summary judgment were incorrectly addressed to apartment 2713 instead of 27B). It is apparent that State Farm did not serve its motion for summary judgment or the notice of hearing on Ihonvbere at his last known address. *See* Tex. R. Civ. P. 21a, 166a. State Farm's failure to comply with the rules of civil procedure requiring that the nonmovant be properly served with a copy of the motion for summary

from Ihonvbere. Because this document was not before the trial court at the time the judgment was rendered, however, we may not consider it in this restricted appeal. *General Elec. Co. v. Falcon Ridge Apts., Joint Venture*, 811 S.W.2d 942, 943-44 (Tex. 1991).

[3] In addition to being the address that Ihonvbere provided to the court, it is also the address at which he was served with citation.

[4] Furthermore, the record reflects that discovery requests State Farm served on Ihonvbere at "7610 Cameron Rd. #2088 Austin, Texas 78752" were returned to State Farm marked "return to sender."

judgment and notice of a hearing of the motion constitutes error apparent from the face of the record. *See Rozsa*, 754 S.W.2d at 509; *see also* Tex. R. Civ. P. 166a. The movant must comply with all the requirements of rule 166a before it is entitled to summary judgment, and proper notice to the nonmovant of the summary judgment hearing is a prerequisite to summary judgment. *Lester v. Capital Indus., Inc.*, 153 S.W.3d 93, 95 (Tex. App.—San Antonio 2004, no pet.); *Rozsa*, 754 S.W.2d at 507. The district court erred in granting State Farm's motion for summary judgment without proper notice to Ihonvbere. *See Martin v. Martin*, 989 S.W.2d 357, 359 (Tex. 1998). This error is apparent from the face of the record. Consequently, we sustain Ihonvbere's second issue.

## CONCLUSION

We conclude that the trial court erred by granting summary judgment when the face of the record reveals that State Farm's motion for summary judgment and notice of hearing were not properly served. We reverse the trial court's judgment and remand the cause to that court for further proceedings.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Puryear

Reversed and Remanded

Filed: June 4, 2009

9