Pete PESSEL and Donna Pessel,
His Wife, Appellants

v.

Edward D. JENKINS and Linda A.
Jenkins, His Wife, Appellees.

No. 06–02–00065–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 8, 2004.

Decided Jan. 13, 2004.

Rehearing Overruled Feb. 3, 2004.

David P. Cotten, Crisp, Boyd & Poff, LLP, Texarkana, for appellant.

Jeff M. Addison, Law Offices of Jeff M. Addison, Texarkana, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Edward D. and Linda A. Jenkins purchased a single family home from Pete Pessel, a general contractor. Two years later, on June 19, 2000, the Jenkinses filed suit against Pessel and his wife, Donna, for construction defects in the home. The Pessels filed their answer June 28, 2000. James Cranford, Jr., the Pessels' attorney, filed a motion to withdraw as counsel for the Pessels November 19, 2001. The trial court signed an order November 26, 2001, allowing Cranford to withdraw and instructed that "all further notice concerning settings in this matter shall be served upon Mr. Pete Pessell [sic] personally." Trial was held January 14, 2002, but the Pessels failed to appear. The court rendered judgment that same date in favor of the Jenkinses for damages of $37,752.00, attorney's fees of $7,500.00, and all costs of court.

The Pessels filed a motion for new trial February 12, 2002, alleging they were not given notice of the trial setting. An affidavit from Pete Pessel was included with the motion for new trial, which stated in relevant part:

3. .... I have received a copy of a judgment taken in this matter which is attached to this affidavit as Exhibit "A." This judgment was rendered without any notice to me. I was not given any notice of a trial setting by the Bowie County District Clerk or by counsel for the Plaintiff.

4. Further, I had been at a mediation in another case with the attorney for the Plaintiff in this matter and no mention or discussion of a trial setting in this case was ever provided to me at that mediation or at any time by Plaintiff's counsel.

5. Valid legal defenses exist to this matter which I am prohibited from presenting to the Court in my defense as no notice was given to me of this matter.

In response to the Pessels' motion for new trial, the Jenkinses alleged they sent notice of the January 14 trial setting to the Pessels using two methods: by certified mail, return receipt requested, and by regular mail. The certified mail was returned "UNCLAIMED." The Jenkinses assert the notice sent by regular mail was not returned. The trial court denied the Pessels' motion for new trial. The Pessels appeal, asserting two points of error: (1) their constitutional rights of due process were violated because they were not given notice of the trial setting; and (2) the trial court abused its discretion by failing to grant their motion for new trial.

The parties in a lawsuit are entitled to notice of the first trial setting at least forty-five days before the trial. TEX.R. CIV. P. 245. This notice can be

accomplished by delivering a copy to the party to be served either in person or by agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number, or by such other manner as the court in its discretion may direct. Tex.R. Civ. P. 21a. A defendant who has made an appearance in a cause is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex.1989). A defendant who does not receive notice of a post-answer default judgment proceeding is deprived of due process. *Id.*

■ A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice is prima facie evidence of service. Tex.R. Civ. P. 21a. This rule sets up a presumption that notice of a trial setting was duly received. However, this presumption may be rebutted by an offer of proof that the notice was not received. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). Here, there was no offer of a certificate by the Jenkinses or their attorney of record, nor did they offer the return of an officer or an affidavit from a person showing service of a notice.

The record indicates the Jenkinses sent notice to the Pessels of the January 14 setting by certified mail, with attempted delivery November 30 and December 5. However, this notice was returned unclaimed December 15. The Jenkinses also sent notice of the trial to the Pessels by regular mail, which they contend was not returned. At the hearing on the motion for new trial, the trial court concluded the Pessels had received constructive notice of the trial setting and denied their motion for new trial.

In its ruling, the trial court relied on *Gonzales v. Surplus Ins. Servs.*, 863 S.W.2d 96, 102 (Tex.App.-Beaumont 1993, writ denied), *overruled in part on other grounds, Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682 (Tex.2002). In that case, the plaintiff had mailed three sets of documents to the defendant by certified mail. The first set of documents was returned to the plaintiff after two failed attempts at delivery. *Id.* at 98. The second set of documents was accepted by the defendant, but then a third set of documents was returned to the plaintiff after two failed attempts at delivery. *Id.* The Beaumont Court of Appeals held,

> where it is shown ... that a party has fully complied with the notice requirements set forth in TEX. R. CIV. P. 21a ... yet fails to establish actual receipt of notice upon opposing party or counsel, such notice shall be sufficient constructive notice where it is shown that the intended recipient engaged in instances of selective acceptance/refusal of certified mail relating to the case.

The Jenkinses contended at the hearing on the motion for new trial, and contend before this Court, that the Pessels received constructive notice of the trial setting. However, the facts of this case are distinguishable from those in *Gonzales*. In this case, there was one mailing of notice by certified mail, which was attempted to be delivered twice. The notice was returned unclaimed. In *Gonzales*, there were multiple sets of documents sent by certified mail. Moreover, one of the sets was actually accepted by the defendants. Nonetheless, the Jenkinses assert they gave notice to the Pessels by way of regular mail in addition to the certified mail attempt. The fact that such regular mail was not returned is what the Jenkinses assert is constructive notice and is what

brings this case within the purview of *Gonzales.* The trial court agreed:

> Plaintiff's Exhibit Number One reflects that on the certified mail that it was— the first attempt, notice was left, looks like November 30th. Another notice was left on December 5th, and then it was finally returned on December 15th. There is no notice of—or there is no return of the letter that was just sent by regular mail.
>
> I'm going to find that constructive notice was received and I'm going to deny the motion. And I think that falls within the purview of this case.

We disagree. Notice by regular mail is not an authorized method of service under Rule 21a. The fact the notice sent by regular mail was not returned was not evidence of "selective acceptance/refusal of certified mail," as in *Gonzales.* The Jenkinses offered no other proof of "selective acceptance/refusal." Further, the Pessels offered an affidavit which unequivocally denied receiving notice of the trial setting. Considering these facts, the trial court erred in determining the Pessels received constructive notice of the trial setting. The Pessels' first point of error is sustained.

██ The trial court's decision on a motion for new trial is reviewed for an abuse of discretion. *Cliff,* 724 S.W.2d at 778–79. To grant a motion for new trial, the court must determine that: (1) the defendant's failure to answer before judgment was not intentional or the result of conscious indifference on the defendant's part, but was due to a mistake or accident; (2) the motion for new trial sets up a meritorious defense; and (3) the motion is filed at a time when its granting would not result in a delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). The Jenkinses contend the

Pessels offered no evidence to satisfy any of the *Craddock* factors. However, a party who has been denied due process through lack of notice of a trial setting satisfies the first *Craddock* factor and does not have to meet the remaining requirements to be entitled to a new trial. *Smith v. Holmes,* 53 S.W.3d 815, 817 (Tex.App.-Austin 2001, no pet.); *Green v. McAdams,* 857 S.W.2d 816, 819 (Tex.App.-Houston [1st Dist.] 1993, no writ). As discussed above, the evidence shows the Pessels did not have notice of the trial setting. This entitles them to a new trial; therefore, it was an abuse of discretion for the trial court to conclude otherwise. The Pessels' second point of error is sustained.

We reverse the judgment and remand for a new trial.