NO. 07-04-0422-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 9, 2005



______________________________




IN THE MATTER OF THE MARRIAGE OF


 

SHEILA KAREN SHOEMAKER AND SCOTT EDWARD SHOEMAKER


_________________________________


FROM THE 39TH DISTRICT COURT OF KENT COUNTY;


NO. 1559; HONORABLE CHARLES CHAPMAN, JUDGE


_______________________________



Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. (1)



MEMORANDUM OPINION



 Appellant Scott Edward Shoemaker challenges a default judgment of divorce. By
five points of error, he contends the trial court (1) failed to provide him with notice of the trial
setting, (2) failed to inform him that his failure to appear could result in a default judgment
, (3) failed to follow the requirements for notice as set forth in a prior order, (4) failed to
provide notice sufficient to apprise him of the purpose of the setting, and (5) abused its
discretion in failing to grant his motion for new trial. We reverse and remand.

 In April 2002, Sheila Karen Shoemaker filed suit for divorce. Scott answered with
a general denial and an assertion of separate estate. Sheila requested a jury trial, and the
case was eventually scheduled to be tried on March 30, 2004. In November 2003, Scott's
attorney filed a motion to withdraw asserting that Scott was planning to file for bankruptcy. 
Approximately three weeks before trial, on March 8, 2004, the trial court authorized Scott's
counsel to withdraw from representation. (2) The withdrawal order expressly provided as
follows: 

 Jury Trial set for March 30, 2004, at 10:00 A.M., District Court, Jayton, Kent
County, Texas.

 The Court finds that the last known mailing address of SCOTT SHOEMAKER
is 1030 Wendell Way, Garland, Texas 75043, and ORDERS that all notices in
this case shall be either delivered to SCOTT SHOEMAKER in person or sent
to SCOTT SHOEMAKER at that address by both certified and regular first-class mail. 


In addition, by letter also dated March 8, 2004, the court administrator advised the parties
that the cause had been rescheduled for trial on April 13, 2004. There is no indication in
the letter as to the method of service used. According to the affidavit of the court
administrator, the letter was properly addressed and mailed according to information
provided by Scott's attorney. 

 The trial court heard the case without a jury on April 13, 2004. In response to the
court's inquiry regarding whether notice was given, Sheila's counsel referred the court to
the notice letter of March 8th. Scott was not present at the hearing, and default judgment
was entered against him. He subsequently filed a motion for new trial accompanied by an
affidavit stating he never received notice from the court informing him that the trial date had
changed. Following an evidentiary hearing, the court denied Scott's motion for new trial,
concluding that proper notice was sent and received. By his first and third points, Scott contends the trial court erred in granting a post-answer default judgment as his constitutional rights of due process were violated because
the court failed to abide by the requirements for notice. Specifically, Scott argues that the
court's failure to send notice by certified mail was unacceptable under the court's order of
March 8th and Rule 21a of the Texas Rules of Civil Procedure. We agree. A party's right
to notice of subsequent hearings is a matter of constitutional due process. See Peralta v.
Heights Med. Ctr., Inc., 485 U.S. 80, 84-86, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); LBL Oil
Co. v. Int'l Power Servs., Inc., 777 S.W.2d 390, 390-91 (Tex. 1989). A post-answer default
judgment will be valid only if the defaulting party received prior notice of the dispositive
hearing at which the judgment was rendered. See Masterson v. Cox, 886 S.W.2d 436,
438-39 (Tex.App-Houston [1st Dist.] 1994, no writ). Rule 21a provides that notice of a
hearing may be served "either in person . . . or by certified or registered mail, to the party's
last known address . . . or by such other manner as the court in its discretion may direct." 
Tex. R. Civ. P. 21a. There may be constructive notice where it is shown that the intended
recipient engaged in selective acceptance or refusal of mail. Gonzales v. Surplus Ins.
Servs., 863 S.W.2d 96, 102 (Tex.App.-Beaumont 1993, writ denied), overuled on other
grounds, Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682 (Tex. 2002).

 In the present case, the trial court stipulated in its order of March 8th that all notices
were to be either delivered in person or sent to Scott's last known address by both certified
and regular first-class mail. The court administrator provided notice of the amended trial
date through the letter of March 8, 2004. In her affidavit, the court administrator states that
the notice letter was "deposited in the U.S. mail . . . with proper postage." We find nothing
in the record indicating that the notice letter was delivered in person or by certified mail. 
In fact, the record implies and it is uncontroverted that the letter was sent only by regular
U.S. mail. Regular mail was not an appropriate method of service under the March 8th
order and is not authorized under Rule 21a. See Pessel v. Jenkins, 125 S.W.3d 807, 810
(Tex.App.-Texarkana 2004, no pet.); Raines v. Gomez, 118 S.W.3d 875, 876
(Tex.App.-Texarkana 2003, no pet.). Furthermore, we find nothing which suggests Scott
engaged in the selective acceptance or refusal of mail. Scott claims he never received the
letter and, as a result, had no idea that the final hearing on the merits of the divorce had
been rescheduled for April 13th. Finding nothing in the record to the contrary, we conclude
that proper notice was not sent, thereby violating his constitutional right to due process. 
Scott's first and third points of error are sustained.

 By point five, citing Craddock v. Sunshine Bus Lines, 133 S.W.2d 124 (Tex. 1939),
Scott contends the trial court abused its discretion in failing to grant his motion for new trial. 
We agree. The trial court's denial of a motion for new trial is reviewed for abuse of
discretion. Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984 ). The test for abuse of
discretion is whether the trial court's decision is arbitrary, unreasonable, and without
reference to guiding rules and principles. Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex.
1997). Likewise, a court abuses its discretion if it arrives at its decision in violation of an
applicable legal rule, principle, or criterion. See Koch v. Koch, 27 S.W.3d 93, 95 (Tex.App.--San Antonio 2000, no pet.).

 In order to grant a motion for new trial, Craddock requires the movant to (1) show
the failure to answer was not intentional or the result of conscious indifference, but was due
to accident or mistake, (2) set up a meritorious defense, and (3) file the motion at a time
when its granting would not result in delay or otherwise injure the plaintiff. Craddock, 133
S.W.2d at 126. However, in the present case, we are not concerned with these factors
because a party who has been denied due process through lack of notice of a trial setting
satisfies the first Craddock factor and does not have to meet the remaining requirements
to be entitled to a new trial. See Lopez v. Lopez, 757 S.W.2d 721, 722-23 (Tex. 1988);
Pessel, 125 S.W.3d at 810. Scott's fifth point of error is sustained.

 We conclude that Scott did not have notice of the final hearing and is entitled to a
new trial. Therefore, it was an abuse of discretion for the trial court to rule otherwise. 
Because these determinations are dispositive, it is not necessary to address his remaining
points of error. Tex. R. App. P. 47.1.

 Accordingly, the judgment is reversed and the cause is remanded to the trial court for
a new trial.

 Don H. Reavis

 Justice

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Following the withdrawal order, Scott did not immediately retain additional counsel.



le, appellate
courts do not have jurisdiction to review on appeal the denial of summary judgment.


 
Ackermann v. Vordenbaum, 403 S.W.2d 362, 365 (Tex. 1966); Hines v. Comm’n for
Lawyer Discipline, 28 S.W.3d 697, 700 (Tex.App.–Corpus Christi 2000, no pet.). 
Specifically, when a motion for summary judgment is denied by the trial court and the case
is thereafter tried on its merits, the order denying the motion for summary judgment is not
reviewable on appeal. Ackermann, 403 S.W.2d at 365; Tricon Tool & Supply, Inc., v.
Thumann, 226 S.W.3d 494, 509 (Tex.App.–Houston [1st Dist.] 2006, pet. denied); Horton
v. Horton, 965 S.W.2d 78, 88 (Tex.App.–Fort Worth 1998, no pet.). 
          The rule is the same for no-evidence motions for summary judgment as for
traditional motions, as the comment to Rule 166(a)(i) makes clear. Tex. R. Civ. P.
166(a)(i), cmt. (stating the denial of a no-evidence motion for summary judgment is no
more reviewable by appeal or mandamus than the denial of a traditional motion for
summary judgment); In re R.W., 129 S.W.3d 732, 744 (Tex.App.–Fort Worth 2004, pet.
denied); Hines, 28 S.W.3d at 700. In the instant case, a final judgment was rendered after
a jury trial. Thus, the issues in this case were tried on the merits and any order denying
Citizens’ motion for summary judgment is not subject to review on appeal. Ackermann,
403 S.W.2d at 364-65; Carr v. Weiss, 984 S.W.2d 753, 760 (Tex.App.–Amarillo 1999, pet.
denied). Accordingly, we dismiss the appeal. 




                                                                           James T. Campbell

                                                                                     Justice