NO. 07-04-0422-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 9, 2005

______________________________

IN THE MATTER OF THE MARRIAGE OF

 

SHEILA KAREN SHOEMAKER AND SCOTT EDWARD SHOEMAKER

_________________________________

FROM THE 39TH DISTRICT COURT OF KENT COUNTY;

NO. 1559; HONORABLE CHARLES CHAPMAN, JUDGE

_______________________________

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.
(footnote: 1)

MEMORANDUM OPINION

Appellant Scott Edward Shoemaker challenges a default judgment of divorce.  By five points of error, he contends the trial court (1) failed to provide him with notice of the trial setting, (2) failed to inform him that his failure to appear could result in a default judgment , (3) failed to follow the requirements for notice as set forth in a prior order, (4) failed to provide notice sufficient to apprise him of the purpose of the setting, and (5) 
abused its discretion in failing to grant his motion for new trial
.  We reverse and remand.

In April 2002, Sheila Karen Shoemaker filed suit for divorce.  Scott answered with a general denial
 and an assertion of separate estate.  Sheila requested a jury trial, and the case was eventually scheduled to be tried on March 30, 2004.  In November 
2003, Scott’s attorney filed a motion to withdraw asserting that Scott was planning to file for bankruptcy.  A
pproximately three weeks before trial, on March 8, 2004, 
the trial court authorized Scott’s counsel to withdraw from representation.
(footnote: 2)  The withdrawal order expressly provided as follows: 

Jury Trial set for March 30, 2004, at 10:00 A.M., District Court, Jayton, Kent County, Texas.

The Court finds that the last known mailing address of SCOTT SHOEMAKER is 1030 Wendell Way, Garland, Texas 75043, and ORDERS that all notices in this case shall be either delivered to SCOTT SHOEMAKER
 in person or sent to SCOTT SHOEMAKER 
at that address by both certified and regular first-class mail.
 

In addition, by letter also dated March 8, 2004, the court administrator advised the parties that the cause had been rescheduled for trial on April 13, 2004.  There is no indication in the letter as to the method of service used.  According to the affidavit of the court administrator, the letter was properly addressed and mailed according to information provided by Scott’s attorney.  

The trial court heard the case without a jury on April 13, 2004.  In response to the court’s inquiry regarding whether notice was given, Sheila’s counsel referred the court to the notice letter of March 8th.  Scott was not present at the hearing, and default judgment was entered against him.  He subsequently filed a motion for new trial accompanied by an affidavit stating he never received notice from the court informing him that the trial date had changed.  Following an evidentiary hearing, the court denied Scott’s motion for new trial, concluding that proper notice was sent and received. 

By his first and third points, Scott contends the trial court erred in granting a post-answer default judgment as his constitutional rights of due process were violated because the court failed to abide by the requirements for notice.  Specifically, Scott argues that the court’s failure to send notice by certified mail was unacceptable under the court’s order of March 8th and Rule 21a of the Texas Rules of Civil Procedure.  We agree.  A party’s right to notice of subsequent hearings is a matter of constitutional due process.  
See
 Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84-86, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); LBL Oil Co. v. Int’l Power Servs., Inc., 777 S.W.2d 390, 390-91 (Tex. 1989).  A post-answer default judgment will be valid only if the defaulting party received prior notice of the dispositive hearing at which the judgment was rendered.  
See 
Masterson v. Cox, 886 S.W.2d 436, 438-39 (Tex.App–Houston [1st Dist.] 1994, no writ).  Rule 21a provides that notice of a hearing may be served “either in person . . . or by certified or registered mail, to the party’s last known address . . . or by such other manner as the court in its discretion may direct.”  Tex. R. Civ. P. 21a.  There may be constructive notice where it is shown that the intended recipient engaged in selective acceptance or refusal of mail.  Gonzales v. Surplus Ins. Servs., 863 S.W.2d 96, 102 (Tex.App.–Beaumont 1993, writ denied), 
overuled on other grounds
, Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682 (Tex. 2002).

In the present case, the trial court stipulated in its order of March 8th that all notices were to be either delivered in person or sent to Scott’s last known address by both certified and regular first-class mail.  The court administrator provided notice of the amended trial date through the letter of March 8, 2004.  In her affidavit, the court administrator states that the notice letter was “deposited in the U.S. mail . . . with proper postage.”  We find nothing in the record indicating that the notice letter was delivered in person or by certified mail.  In fact, the record implies and it is uncontroverted that the letter was sent only by regular U.S. mail.  Regular mail was not an appropriate method of service under the March 8th order and is not authorized under Rule 21a.  
See 
Pessel v. Jenkins, 125 S.W.3d 807, 810 (Tex.App.–Texarkana 2004, no pet.); Raines v. Gomez, 118 S.W.3d 875, 876 (Tex.App.–Texarkana 2003, no pet.).  Furthermore, we find nothing which suggests Scott engaged in the selective acceptance or refusal of mail.  Scott claims he never received the letter and, as a result, had no idea that the final hearing on the merits of the divorce had been rescheduled for April 13th.  Finding nothing in the record to the contrary, we conclude that  proper notice was not sent, thereby violating his constitutional right to due process.  Scott’s first and third points of error are sustained.

By point five, citing 
Craddock v. Sunshine Bus Lines
, 133 S.W.2d 124 (Tex. 1939), Scott contends the trial court abused its discretion in failing to grant his motion for new trial.  We agree.  The trial court's denial of a motion for new trial is reviewed for abuse of discretion.  Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984 ).  The test for abuse of discretion is whether the trial court’s decision is arbitrary, unreasonable, and without reference to guiding rules and principles.  
Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997).  Likewise, a court abuses its discretion if it arrives at its decision in violation of an applicable legal rule, principle, or criterion.  
See
 Koch v. Koch, 27 S.W.3d 93, 95 (Tex.App.--San Antonio 2000, no pet.).

In order to grant a motion for new trial, 
Craddock
 requires the movant to (1) show the failure to answer was not intentional or the result of conscious indifference, but was due to accident or mistake, (2) set up a meritorious defense, and (3) file the motion at a time when its granting would not result in delay or otherwise injure the plaintiff.  
Craddock
, 133 S.W.2d at 126.  However, in the present case, we are not concerned with these factors because a party who has been denied due process through lack of notice of a trial setting satisfies the first 
Craddock
 factor and does not have to meet the remaining requirements to be entitled to a new trial.  
See 
Lopez v. Lopez, 757 S.W.2d 721, 722-23 (Tex. 1988); 
Pessel
, 125 S.W.3d at 810.  
Scott’s fifth point of error is sustained.

We conclude that Scott did not have notice of the final hearing and is entitled to a new trial.  Therefore, it was an abuse of discretion for the trial court to rule otherwise.  Because these determinations are dispositive, it is not necessary to address his remaining points of error.  Tex. R. App. P. 47.1.

Accordingly, the judgment is reversed and the cause is remanded to the trial court
 for a new trial.

Don H. Reavis

         Justice

   

     

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

2:
Following the withdrawal order, Scott did not immediately retain additional counsel.