*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00885-CV

Darlene **STILES**,
Appellant

v.

David Clyde **STILES**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-16484
Honorable Karen Pozza, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:   July 15, 2009

REVERSED AND REMANDED

Appellant Darlene Stiles appeals from a post-answer default judgment of divorce between herself and appellee David Stiles. On appeal, Darlene claims the trial court abused its discretion when it denied her motion for new trial because she never received notice of the trial setting. We conclude the record demonstrates Darlene failed to appear because she did not receive notice of the trial setting; therefore, we reverse the trial court's judgment and remand the case for a new trial.

## BACKGROUND

Darlene and David were married in 1985. Darlene originally filed a petition for divorce from David in October 2006. David filed a counter-petition shortly thereafter. Ryan Moe, Darlene's attorney, withdrew as Darlene's counsel in May 2008. The withdrawal order issued by the trial court provided: "The Court finds that the last known mailing address of Darlene Stiles is 145 Pearl, Canyon Lake, Texas 78133 and ORDERS that all notices in this case shall be either delivered to Darlene Stiles in person or sent to Darlene at that address by both certified and regular first-class mail." Darlene did not immediately retain new counsel because she did not receive notice of Moe's withdrawal from representation.[1]

After Moe's withdrawal, David's attorney mailed Darlene a motion to set a trial date for July 30, 2008. David's attorney sent the motion to Darlene by way of certified mail, return receipt requested, and by regular mail. Counsel addressed the motion to "Darlene Stiles, 145 Pearl, Canyon Lake, Texas 78132." The certified mail was returned "unclaimed," but the regular mail was not returned. When Darlene failed to appear for trial on July 30, the trial court granted David a default judgment and entered a final decree of divorce.

On August 22, 2008, after receiving notice of the default judgment, Darlene retained new counsel, who moved for a new trial. Darlene's motion for new trial alleged she failed to appear for trial because she did not receive notice of the July trial setting. The motion for new trial was accompanied by Darlene's affidavit, which explained that she "did not receive any certified mail from [David's attorney]," "recall any notice that certified mail was to be picked up," or "receive any regular mail from [David's attorney]." The affidavit further noted that Darlene lives "in a rural area

---

[1] Darlene stated she did not learn about Moe's withdrawal until around July 2008.

where all mailboxes are lined up 25 in a row" and her "mail is often not delivered or is placed in someone else's mail box."

The trial court held a hearing on Darlene's motion on September 24, 2008. At the hearing, Darlene explained she never received any of the correspondence from David's attorney relating to the July trial setting and indicated that she did not know her attorney had withdrawn until July 2008.[2] She testified David's attorney had not used her correct address when mailing notice of the July trial setting as her correct address is "145 Pearl, <u>New Braunfels</u>, Texas, 78132." (emphasis added). Darlene also testified that she has had difficulty receiving mail at her present address and is in the process of acquiring a P.O. Box to eliminate any future delivery issues. Despite having experienced some problems receiving her mail in the past, Darlene acknowledged that she has never notified her attorney or opposing counsel of any mail problem. Darlene testified she learned about the default judgment and final divorce decree when she received a document packet from David's attorney on August 10, 2008.[3] Darlene stated she retained new counsel on August 13, 2008, upon learning of the default judgment.

In response, David offered the affidavit of his attorney's legal assistant to establish he attempted to serve Darlene with notice of the trial setting by both certified and regular mail at "145 Pearl, <u>Canyon Lake</u>, Texas 78132." (emphasis added). David also testified he attempted to contact Darlene by phone, but was unsuccessful in his efforts. After considering the evidence, the trial court

---

[2] Darlene stated she called Moe's office in July 2008 and was told that Moe was no longer representing her. According to Darlene, she never intended to act pro se in this matter and wants her day in court.

[3] Darlene found the document packet containing the final divorce decree on the top of her mailbox. The record indicates David's attorney sent this document packet to Darlene via regular mail and addressed the correspondence to "Darlene Stiles . . .145 Pearl, Canyon Lake, Texas 78132."

refused to set aside the default judgment and denied Darlene's motion for a new trial.[4] This appeal followed.

## STANDARD OF REVIEW

Trial courts possess broad discretion in ruling on motions for new trial. *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex. 1988). We review a trial court's denial of a motion for new trial for an abuse of discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 778-79 (Tex. 1987); *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). An abuse of discretion occurs when the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

A trial court must set aside a post-answer default judgment if the test articulated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), is satisfied. *Cliff*, 724 S.W.2d at 779. Under *Craddock*, the trial court must set aside a default judgment when the defaulting party demonstrates: (1) her failure to appear was not intentional or the result of conscious indifference; (2) she has a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party. *Id.* "Importantly, when a party receives no notice of a trial setting, [s]he satisfies the first prong of *Craddock* and does not have to meet the remaining prongs of the test to be entitled to a new trial." *Hamel v. Providence Const., Inc.*, No. 04-03-00766-CV, 2004 WL 1968277, at *2 (Tex. App.—San Antonio 2004, pet. denied) (mem. op.). When the requirements of *Craddock* are met, a trial court abuses its discretion if it denies the defaulting party's motion for new trial. *Cliff*, 724 S.W.2d at 779.

---

[4] After the trial court denied Darlene's motion for new trial, Darlene filed a supplemental motion for new trial with additional evidence to support her claims. We do not consider the supplemental motion and evidence because it was not timely filed.

## DISCUSSION

Darlene's motion for new trial is based on her claim that she did not receive notice of the July trial setting. We acknowledge the historical trend in default judgment cases is toward the liberal granting of new trials. *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.). Under Texas Rule of Civil Procedure 21a, all notices other than citation — including notification of trial settings — may be served by delivering a copy to the party: (1) in person; (2) by agent; (3) by courier receipted delivery; or (4) by certified or registered mail, properly addressed with prepaid postage, to the party's last known address. TEX. R. CIV. P. 21a; *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, writ denied). If notice of a trial setting is delivered by one of these authorized methods, Rule 21a creates a presumption that the notice was received by the addressee. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). The presumption of receipt of notice may be rebutted by introducing opposing evidence that the mailing was not received. TEX. R. CIV. P. 21a ("Nothing herein shall preclude any party from offering proof that the notice or instrument was not received. . . ."); *see Cliff*, 724 S.W.2d at 780. "In the absence of evidence to the contrary, the presumption has the force of a rule of law." *Cliff*, 724 S.W.2d at 780. However, the presumption is not "evidence" and vanishes when opposing evidence is introduced that the notice is not received. *Id.*

David offered evidence from his attorney's legal assistant to establish that he attempted to serve Darlene with notice of the trial setting by way of certified mail, return receipt requested, and by regular mail. David's evidence shows he attempted to serve Darlene at "145 Pearl, Canyon Lake, Texas 78132" on June 13, 2008. According to Darlene's testimony, however, her correct address is "145 Pearl, New Braunfels, Texas, 78132." Thus, it appears the notice David attempted to send

Darlene was not properly addressed. This fact alone provides the necessary basis for granting a new trial because (1) it supports Darlene's contention that she never received notice of the trial setting, and (2) it conclusively establishes noncompliance with the provisions of Rule 21a, which requires service properly addressed to the party's last known address.

Nevertheless, even if we assume David's notice is sufficient to comply with Rule 21a so as to create a presumption that Darlene duly received the notice, Darlene rebutted this presumption when she made an offer of proof of nonreceipt. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (holding presumption of receipt overcome when party's counsel "provided affidavits averring that they never received" documents allegedly served); *Cliff*, 724 S.W.2d at 779 (holding presumption of receipt overcome when party and his counsel swore they did not receive notice of trial setting). Darlene swore by way of affidavit and oral testimony at the hearing on her new trial motion that she did not receive notice of the July trial setting. David has not controverted Darlene's assertion that notice was never received.

David argues Darlene's actions demonstrate she had constructive notice of the trial setting because she engaged in the practice of selective acceptance/refusal of certified mail. David appears to base his contention on the fact that the notice of the trial setting he sent to Darlene by way of certified mail was returned "unclaimed" whereas the notice he sent by regular mail was never returned. "However, the fact the notice sent by regular mail was not returned [is] not evidence of selective acceptance/refusal of certified mail." *Hamel*, 2004 WL 1968277 at *2 (internal quotations omitted); *see Pessel v. Jenkins*, 125 S.W.3d 807, 810 (Tex. App.—Texarkana 2004, no pet.).

David further argues the present matter is analogous to the one presented in *Sharpe v. Kilcoyne*, 962 S.W.2d 697 (Tex. App.—Fort Worth 1998, no pet.). In *Sharpe*, the appellant filed

an answer after she was sued for breach of contract and fraud. *Id.* at 698. Appellant's attorney later filed a motion to withdraw after the appellee added him as a party to the suit. *Id.* Appellant claimed that when counsel notified her about his withdrawal motion, he allegedly instructed her not do anything because he intended to "handle things." *Id.* at 698-99. Appellant then proceeded to refuse acceptance of all correspondence from the appellee and trial court, and she moved out of the country without leaving a forwarding address. *Id.* at 699. The trial court later entered a default judgment in favor of appellee after the appellant failed to appear for trial. *Id.*

On appeal, appellant claimed she refused only one mailing that could have provided her with constructive notice of the trial setting and that more notice is required. *Id.* at 700. The court of appeals rejected appellant's argument because she: (1) knew she was being sued; (2) knew her attorney would probably have to withdraw; (3) knew appellee was actively pursuing his claim through her rejection of multiple mailings pertaining to the case; and (4) had constructive knowledge of the trial setting because she acknowledged refusing a mailing containing the trial setting date. *Id.* The court determined appellant was not denied due process under these facts because had appellant "opened her mail, she would have known about the trial." *Id.*

The court further concluded appellant could not satisfy the first requirement under *Craddock*. *Id.* at 701. The court reasoned that appellant did nothing when she was "being bombarded with multiple mailings" from the appellee and court. *Id.* Moreover, the court relied on appellant's failure to leave a forwarding address with the court and her failure to make a case inquiry to either her attorney or the court as additional reasons to reject her complaint. *Id.*

The facts in this case are not at all similar to those presented in *Sharpe*. While there is evidence in the instant case that Darlene was aware of the litigation, there is no evidence that

Darlene: (1) received multiple mailings; (2) rejected any mailings; (3) had constructive notice of the trial setting; (4) moved to a different address; or (5) ever failed to provide her correct address to any party. We therefore decline to follow *Sharpe* in this instance. Because no evidence controverts Darlene's unequivocal statement that she did not receive notice of the trial setting, we conclude Darlene satisfied the first requirement under *Craddock* and is excused from satisfying the remaining *Craddock* requirements. *See Hamel*, 2004 WL 1968277 at *2. Darlene is entitled to a new trial under the circumstances presented, and it was an abuse of discretion for the trial court to conclude otherwise. Darlene's first issue on appeal is sustained.

## CONCLUSION

We reverse the trial court's judgment and remand the cause for further proceedings.[5]

Catherine Stone, Chief Justice

---

[5] Because Darlene's first issue is dispositive of this appeal, we need not address the remaining issues raised on appeal. *See* TEX. R. APP. P. 47.1 (stating opinions should address only issues necessary to final disposition of appeal).