# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-10-00410-CV

---

### H. Carl Myers, Appellant

### v.

### County of Williamson, Texas; City of Austin, Texas; Austin Community College; Anderson Mill Ltd. District; Anderson Mill Municipal District; Upper Brushy Creek Water Control & Improvement District #1A; Williamson County Emergency District #1; and Round Rock Independent School District, Appellees

---

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 09-619-T26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

H. Carl Myers, an attorney appearing pro se, appeals the trial court's denial of his motion for new trial and to set aside a post-answer default judgment against him in favor of Williamson County, Texas; the City of Austin, Texas; Austin Community College; the Anderson Mill Ltd. District; the Anderson Mill Municipal District; the Upper Brushy Creek Water Control & Improvement District #1A; Williamson County Emergency District #1; and Round Rock Independent School District (Appellees). In two issues, Myers contends that Appellees failed to prove that he had actual or constructive notice of the trial setting. For the reasons that follow, we reverse the judgment and remand this case to the trial court for a new trial.

**FACTUAL AND PROCEDURAL BACKGROUND**

Williamson County, on behalf of itself and the political subdivisions for which it collects property taxes,[1] filed suit against H. Carl Myers in September 2009 to collect delinquent property taxes owed on Myers's residence, associated penalties and interest, and attorney's fees. Myers timely filed an answer pro se. Round Rock Independent School District, Anderson Mill Ltd. District, Austin Community College, and the City of Austin subsequently intervened in the action to collect taxes owed on Myers's residence to those entities. Appellees set the case for trial on March 30, 2010. Myers did not appear. Appellees offered into evidence certified copies of tax records reflecting amounts owed and a copy of a notice of trial Appellees had sent to Myers by certified mail, return receipt requested. At trial, counsel for Appellees stated that he was offering "a Notice of Trial, return receipt, showing Defendant did receive proper notice of today's setting." The trial court granted default judgment in the amount of $13,046.27, awarded foreclosure of Appellees' liens, and ordered the property sold as under execution.

Myers filed a timely motion for new trial and to set aside default judgment for failure to provide notice of setting, which the court heard on June 22, 2010. Meyers testified by affidavit and in person. Williamson County's attorney, Craig Morton, testified on behalf of Appellees. Both parties offered documentary evidence, including the notice of trial setting and United States Postal Service (USPS) records relating to the certified mailing.

---

[1] Anderson Mill Municipal District, Upper Brushy Creek Water Control & Improvement District #1A, and Williamson County Emergency District #1.

Morton testified that his office mailed a notice of trial setting to Myers at his residence address by certified mail, return receipt requested. Morton also testified that when he had not received the return receipt by the eve of trial, he or his legal assistant went to the USPS website and entered the return receipt number to "track and confirm" its delivery status, receiving a message that delivery status information for the item was not available on the website. Morton stated that he later learned that he or his legal assistant had inadvertently entered the wrong return receipt number.

Morton also testified that after Appellees obtained the default judgment, his office mailed a notice of intent to sell the property to Myers on April 6, 2010, by regular mail and that, after receiving it, Myers contacted Morton's office stating that he had not received proper notice of the trial setting. Morton testified that after talking with Myers, he again visited the USPS website to track and confirm delivery of the notice of trial setting, this time receiving a message that a notice of attempted delivery had been left at Myers's residence address on February 3, 2010. Morton further stated that he subsequently traveled to the Georgetown post office where he obtained a document indicating that a postal carrier had left a notice of attempted delivery of the notice of trial setting on February 3, 2010, and that the item had been delivered on April 16, 2010, seventeen days after trial. The USPS report reflected no other activity on the certified mailing. Morton also testified that his office received the signed return receipt dated April 16, 2010.

Myers testified that he received no notice of the trial setting prior to the date of the trial and first learned that the litigation was proceeding and Appellees had set it for trial when he received the notice of intent to sell. He stated that he returned home one day in April to find a USPS notice of attempted delivery, signed it, put it back in his mailbox, and subsequently

3

received the certified mail containing the notice of trial setting. The trial court did not rule on Myers's motion, and it was overruled by operation of law. This appeal followed.

## DISCUSSION

The disposition of a motion for new trial is within the trial court's sound discretion; we will not disturb the court's ruling absent an abuse of that discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). Generally, before a default judgment can be set aside and a new trial granted, the defaulting party must satisfy the three elements of the *Craddock* test. *Craddock v. Sunshine Bus Lines*, *Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). The *Craddock* test is well-established: A trial court should set aside a default judgment and order a new trial in any case in which (1) the defaulting party's failure to answer or to appear was not intentional, or the result of conscious indifference, but was due to a mistake or an accident; (2) the defaulting party has a meritorious defense or claim; and (3) the motion is filed at a time when the granting of a new trial will not occasion delay or work other injury to the prevailing party. *Id.* at 126.

A party who proves lack of notice of a trial setting satisfies the first *Craddock* element because one cannot show intent or conscious indifference with regard to a trial of which one is unaware. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005); *Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 543–44 (Tex. App.—Austin 2004, no pet.) (citing *Smith v. Holmes*, 53 S.W.3d 815, 818 (Tex. App.—Austin 2001, pet. denied)). Myers contends that the trial court erred in allowing his motion for new trial to be overruled by operation of law because

4

he had no notice of the trial setting.[2]  In his first issue, Myers argues that the trial court erred because he did not have actual notice of the trial setting.  However, Appellees do not dispute that Myers had no actual notice of the trial setting until after the trial court rendered default judgment, and we need not address Myers's first issue.  In his second issue, on which the parties join issue, Myers asserts that the trial court erred because he had no constructive notice of the trial setting.

A serving party may establish constructive notice by demonstrating compliance with Rule 21a of the Texas Rules of Civil Procedure and presenting evidence that the intended recipient engaged in selective acceptance or refusal of certified mail relating to the case.  *See* Tex. R. Civ. P. 21a; *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 189 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 382 (Tex. App.—Fort Worth 2005, pet. denied). Therefore, we first determine whether Appellees served the notice of trial setting in compliance with Rule 21a.

It is undisputed that Appellees served the notice by certified mail to Myers's last known address in accordance with Rule 21a's requirements for addressing and sending notice. However, Rule 21a also provides that the party or attorney of record shall certify compliance with the rule "in writing over signature and *on the filed instrument*." Tex. R. Civ. P. 21a. (emphasis added).  The supreme court has observed that such a certificate "bears some assurance of trustworthiness as it was prepared as a matter of office routine before any dispute about notice arose." *Mathis*, 166 S.W.3d at 745.  Here, the undisputed evidence shows that the notice of trial does not contain a certificate of service.  Therefore, Appellees failed to fully comply with Rule 21a.

---

[2] In his two issues, Myers challenges both the trial court's entry of the default judgment and its allowing his motion for new trial to be overruled by operation of law.

*See* Tex. R. Civ. P. 21a; *In re E.A.*, 287 S.W.3d 1, 5–6 (Tex. 2009); *Mathis*, 166 S.W.3d at 745.

Despite the lack of a certificate of service, Appellees contend that the trial court did not abuse its discretion in imputing constructive notice to Myers. As evidence of constructive notice, Appellees point to USPS records reflecting that a notice of attempted delivery of the certified mail containing the notice of trial setting was delivered to Myers's address prior to trial and that Myers claimed the certified mail after the trial court rendered default judgment. Appellees also cite to evidence that Myers received the notice of intent to sell sent by regular mail after trial. In addition, Appellees' attorney testified that he sent Appellees' response to Myers's motion for new trial and a notice of setting for that motion by certified mail and received signed returned receipts for those items. Appellees argue that Myers received the notice of attempted delivery and selectively refused to claim the certified mail containing the notice of trial.

In support of their argument that Myers selectively refused the certified mail containing the notice of trial setting, Appellees cite cases that they contend are analogous to this case and require that we conclude Myers engaged in selective refusal. However, we find these cases distinguishable on their facts. In the cases Appellees cite, the evidence showed that the plaintiffs strictly complied with Rule 21a, that there were multiple failed attempts at delivery, and that the defendants knew the plaintiffs were actively pursuing the litigation, acknowledged deliberately refusing receipt of notice, moved without leaving a forwarding address, and/or offered no competent controverting evidence. *See Sharpe v. Kilcoyne*, 962 S.W.2d 697, 699–700 (Tex. App.—Fort Worth 1998, no pet.); *Gonzales v. Surplus Ins. Servs.*, 863 S.W.2d 96, 98, 101 (Tex. App.—Beaumont 1993, writ denied); *In re Madeiros*, No. 04-00-00827-CV, 2001 Tex. App. LEXIS 7670, at *5 (Tex.

6

App.—San Antonio Nov. 14, 2001, no pet.) (mem. op.).[3]

In this case, the evidence shows that Appellees failed to fully comply with Rule 21a by omitting a certificate of service and that there was a single attempted delivery of the notice of trial setting. In addition, it is undisputed that after filing an answer, Myers made efforts to resolve the matter, contacted counsel for Appellees on several occasions, both before and after trial, and on one of those occasions informed counsel for Appellees that he had obtained pre-approval for a home equity line of credit to pay the property taxes. It is also undisputed that in none of the conversations that took place prior to trial did counsel for Appellees inform Myers of the trial setting and that although Myers provided counsel for Appellees with his cell phone number, no one from the office of counsel for Appellees called Myers to notify him of the setting. Further, the record contains no evidence that Myers admitted to refusing the certified mail; rather Myers offered an affidavit in which he unequivocally denied receiving notice of the trial setting and sworn testimony stating that he did not recall receiving a notice of attempted delivery until after the trial date.

Even assuming without deciding that Myers received the notice of attempted delivery prior to trial, the mere fact that Myers did not claim the certified mail until after trial is not sufficient to show avoidance or refusal. *See In re E.A.*, 287 S.W.3d at 5 (post office's repeated attempts to deliver amended petition not evidence of refusal). Appellees' allegation that Myers deliberately did not pick up the certified mail containing notice of trial is not evidence that he dodged or refused delivery. *See Approximately $14,980.00*, 261 S.W.3d at 189. "[E]vidence that [the] notice of [trial]

---

[3] Appellees also cite *Zuyus v. No'Mis Commc'ns., Inc.*, 930 S.W.2d 743 (Tex. App.—Corpus Christi 1996, no pet.). However, *Zuyus* involves a no-answer default judgment. Because no advance notice of hearing is required for a no-answer default judgment proceeding, *see* Tex. R. Civ. P. 107, 239; 930 S.W.2d at 747, we find this case inapposite.

went 'unclaimed' [for a period of time] after the U.S. Post Office unsuccessfully attempted delivery and left a notice of certified mail at the intended recipient's address does not, standing alone, constitute evidence that the intended recipient dodged or refused delivery." *Dowell v. Theken Spine, LLC*, No. 14-07-00887-CV, 2009 Tex. App. LEXIS 4316, at *6–7 (Tex. App.—Houston [14th Dist.] June 2, 2009, no pet.) (mem. op.); *see also Pessel v. Jenkins*, 125 S.W.3d 807, 810 (Tex. App.—Texarkana 2004, no pet.) (evidence of one mailing of notice by certified mail, attempted to be delivered twice, was not proof of selective acceptance or refusal). Nor does evidence that Myers subsequently accepted certified mail related to the case indicate that he dodged or refused service of the notice of trial setting. It is undisputed that the notice of attempted delivery did not include the identity of the sender or the contents of the certified mail. Especially in the absence of a certificate of service, and in light of Myers's undisputed pattern of communication, cooperation, and attempts to resolve the matter with counsel for Appellees, we conclude that Myers's failure to pick up the notice of trial setting after a single notice of attempted delivery of an unidentified mailing from an unidentified sender is not evidence of selective refusal of certified mail relating to the case. *See Etheredge*, 169 S.W.3d at 382; *Pessel*, 125 S.W.3d at 809–10.[4]

A defendant who has made an appearance is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85 (1988); *LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390,

---

[4] We likewise conclude that Myers's receipt of the notice of intent to sell by regular mail is not evidence of selective acceptance or refusal of certified mail related to the case. *See Pessel v. Jenkins*, 125 S.W.3d 807, 810 (Tex. App.—Texarkana 2004, no pet.) (notice by regular mail not authorized method of service and fact that notice sent by regular mail was not returned while certified mail was returned unclaimed was not evidence of selective acceptance or refusal of certified mail).

8

390–91 (Tex. 1989). We agree with our sister courts that in order to protect concerns for procedural due process, we should determine constructive notice on a "case-by-case basis rather than by statement of a general rule." *See Sharpe*, 962 S.W.2d at 700 (quoting *Gonzales*, 863 S.W.2d at 102); *Gonzales*, 863 S.W.2d at 101–02 (issuing "restrictive holding directed to the specific facts of the case before the trial court at the motion for new trial hearing");[5] *see also Rabie v. Sonitrol of Houston, Inc.*, 982 S.W.2d 194, 197 n.3 (Tex. App.—Houston [1st Dist.] 1998, no pet.); (factually distinguishing *Gonzales* and finding no constructive notice in absence of evidence of selective refusal/acceptance of certified mail); *Stiles v. Stiles*, No. 04-08-00885-CV, 2009 Tex. App. LEXIS 5409, at *11 (Tex. App.—San Antonio July 15, 2009, no pet.) (mem. op.) (factually distinguishing *Sharpe* and finding no constructive notice where there was no evidence to contradict defendant's unequivocal statement that she did not receive notice of trial setting); *Cantu v. Salcedo*, No. 04-07- 00161-CV, 2007 Tex. App. LEXIS 7443, at *8 (Tex. App.—San Antonio Sept. 12, 2007, no pet.) (mem. op.) (same). While some facts may support a finding of constructive notice that satisfies the *Peralta* due process concerns, *see, e.g.*, *Sharpe*, 962 S.W.2d at 699–700 (twelve attempted mailings and defendant moved without leaving forwarding address, knew plaintiff was actively pursuing litigation, acknowledged refusing multiple mailings, and even acknowledged refusing mailing containing notice of trial setting), the facts in this case do not. *See In re E.A.*, 287 S.W.3d at 5–6; *Pessel*, 125 S.W.3d at 809–10. Without evidence that Myers dodged or refused

---

[5] In *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002), the supreme court disapproved of *Gonzales* and other court of appeals decisions to the extent that they can be read to hold that the *Craddock* test applies in a summary judgment case in which the nonmovant is aware of its failure to file a response at or before a summary judgment hearing and thus has an opportunity to apply for relief under the rules. The *Carpenter* court did not address the use of a case-by-case approach for determining constructive notice in a post-answer default judgment when the defendant had no actual notice.

delivery of certified mail, and in the absence of a certificate of service, we cannot impute constructive notice to him, and it was an abuse of discretion for the trial court to do so. *See Approximately $14,980.00*, 261 S.W.3d at 189–90; *Etheredge,*169 S.W.3d at 382. We sustain Myers's second issue.

Having determined that Myers has shown he had neither actual nor constructive notice of the trial setting, we conclude that he has met the first *Craddock* element. A defendant who has been denied due process through lack of notice of a trial setting is entitled to a new trial without further showing. *See Peralta*, 485 U.S. at 86; *In re E.A.*, 287 S.W.3d at 3; *Limestone Constr.*, 143 S.W.3d at 544 (when first *Craddock* element established by proof that defaulting party did not receive notice of trial setting, courts dispense with remaining *Craddock* requirements); *Smith*, 53 S.W.3d at 818 (same). Because the evidence shows that Myers did not have actual or constructive notice of the trial setting, we do not reach the remaining two factors under *Craddock*.

## CONCLUSION

For these reasons, we reverse the judgment of the trial court and remand the case for a new trial.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Henson, and Goodwin

Reversed and Remanded

Filed: December 16, 2011

10