# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO.  03-21-00611-CV

---

**Jose Pablo Cortina-Pineda, Appellant**

**v.**

**Courtney Cortina-Pineda, Appellee**

---

### FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 20-1869-F425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Jose Pablo Cortina-Pineda appeals the final decree of divorce that dissolved his marriage to appellee Courtney Cortina-Pineda, divided the community estate, awarded possession and custody of the children, and ordered that he pay child support.  The trial court signed the decree following a hearing on September 2, 2021, at which Jose Pablo[1] failed to appear, even though he had filed an answer, and a default judgment was granted.  Jose Pablo timely filed a motion to set aside the default judgment, which was overruled by operation of law.

In his sole surviving appellate issue,[2] Jose Pablo maintains that the post-answer default judgment against him should be reversed because he did not receive adequate notice of the

---

[1] Because the parties share a surname, we refer to them in this way.

[2] Jose Pablo's *pro se* appellant's brief states numerous issues for why the final decree should be reversed, including issues involving the division of property, custody, and child support. But only one of his issues—lack of notice of trial and of pleadings—is supported by argument and

trial setting or of pleadings. When a defendant suffers a default judgment for failure to appear at trial in a case where the defendant filed an answer, the defendant must have received at least 45 days' notice of the trial setting. *See* Tex. R. Civ. P. 245; *Pessel v. Jenkins*, 125 S.W.3d 807, 808–09 (Tex. App.—Texarkana 2004, no pet.). Failing to give notice to a party of the trial setting violates the due-process requirement of the United Stated Constitution, and a post-answer default judgment will be valid only if the defendant received notice. *See Smith v. Holmes*, 53 S.W.3d 815, 817 (Tex. App.—Austin 2001, no pet.).

Concerning lack of notice of trial, Jose Pablo has presented us with no reporter's record, stating in his docketing statement that none exists, and the clerk's record that he has presented us with contradicts his position. The clerk's record reveals that he was represented in the trial court by an attorney when he filed his answer, and the attorney withdrew from the representation about three months before trial. The motion to withdraw, filed more than 45 days before trial, says that the attorney notified Jose Pablo about the September 2, 2021 trial setting, and the order allowing the withdrawal says that Jose Pablo both was notified of the right to object to the withdrawal and did in fact object. The month before trial, he moved for a continuance of the trial, and his motion, filed *pro se*, acknowledges that the case "is presently set for a hearing or trial on September /_2nd_/__2021__." He also acknowledged in his motion to set aside the default

---

citations to authorities and to the record. Thus, every issue but this one is forfeited for inadequate briefing. *See* Tex. R. App. P. 38.1(i); *see also Rader v. Berry*, No. 03-11-00810-CV, 2013 WL 6665075, at *1 (Tex. App.—Austin Dec. 11, 2013, no pet.) (mem. op.) ("Although we attempt to construe a pro se appellant's briefing liberally, we must also hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure." (internal citations omitted)); *accord In re Marriage of Bost-Steelman & Steelman*, No. 07-05-00008-CV, 2005 WL 1703190, at *1 (Tex. App.—Amarillo July 21, 2005, pet. denied) (mem. op.).

judgment that he was aware of the trial setting. The clerk's record thus shows that Jose Pablo knew about the upcoming trial setting.

Concerning his arguments that he did not have notice of pleadings, Jose Pablo does not identify which pleadings or other filings he received notice of and which he didn't. He at least received notice of his attorney's motion to withdraw, as the trial court's withdrawal order suggests. After reviewing the clerk's record, we conclude that Jose Pablo had notice of every other filing in the record as well.

Before the withdrawal order was signed, there were nine pleadings or other documents filed in the suit. Five of those filings were Jose Pablo's or his attorney's—his original answer and counter-petition for divorce, a motion for enforcement of standing orders and for criminal contempt, a motion for a temporary restraining order and for further temporary orders, the motion to withdraw, and a notice of hearing on the motion to withdraw. Jose Pablo obviously had notice of his own filings.

Of the remaining four pre-withdrawal filings, one is the original petition. Jose Pablo received notice of that filing because he answered it. *See J.O. v. Texas Dep't of Fam. & Protective Servs.*, 604 S.W.3d 182, 188 (Tex. App.—Austin 2020, no pet.) (party generally waives defects in service when party files his or her answer).

Another is the court's temporary orders, which include a signature page showing that Jose Pablo's attorney by signing approved the temporary orders "as to form only" and a certificate of service showing service on Jose Pablo's attorney, meaning that Jose Pablo had notice of the temporary orders. *See Buck v. Estate of Buck*, 291 S.W.3d 46, 60 (Tex. App.—Corpus Christi–Edinburg 2009, no pet.) (notice to client's "attorney, acquired during the existence of the attorney-client relationship, is imputed to the client" (internal quotation omitted) (quoting *Allied*

3

*Res. Corp. v. Mo–Vac Serv. Co.*, 871 S.W.2d 773, 778 (Tex. App.—Corpus Christi–Edinburg 1994, writ denied))); *see also* Tex. R. Civ. P. 21a(e) (addressing proof of service and method for challenges thereto). The temporary orders also say that Jose Pablo "appeared in person and through attorney of record" at the temporary-orders hearing "and announced ready." With that in mind, the third of the remaining pre-withdrawal filings—a list of Jose Pablo's and Courtney's exhibits from the temporary-orders hearing that the court reporter was tendering to the district clerk for filing—addresses only matters about which Jose Pablo had notice—that is, the exhibits presented at the hearing that he himself attended.

Finally pre-withdrawal, the clerk's record shows a docket entry for a June 4, 2021 notice of a hearing that would take place on June 8, 2021. That hearing date matches the hearing date for the motion to withdraw and does not appear to match anything else in the clerk's record, so we assume that this notice of hearing was for the motion to withdraw, about which Jose Pablo had notice and to which he objected. He has made no showing to the contrary.

As for the filings in the case after his attorney's withdrawal, all but two were filings made by Jose Pablo himself or someone on his behalf. The clerk's record shows that these former filings are: documents supporting Jose Pablo's claim that he contracted COVID-19; a letter from his friend on the same topic and saying that the friend had been in contact with him; and Jose Pablo's motion for continuance, notice of appeal, motion to set aside default judgment and notice of hearing, and statement of inability to afford costs or an appeal bond. Jose Pablo obviously had notice of his own filings and had notice of the letter because it suggests that it was filed after communication with him.

The only remaining filings in the clerk's record are the final decree and the clerk's post-judgment bill of costs. We see nothing in Jose Pablo's appellant's brief purporting to argue

4

for reversal for lack of notice of the post-judgment bill of costs.  And as for the final decree, its certificate of service shows that he was served with the decree at the same email address that he listed in filings he signed *both before and after* the final decree was signed as the way to email him.  The record thus shows that he received notice of the final decree.  *See* Tex. R. Civ. P. 21a(e); *Lewis v. Housing Auth. of Austin*, No. 03-15-00800-CV, 2016 WL 7187481, at *3 (Tex. App.—Austin Dec. 7, 2016, no pet.) (mem. op.) (unrebutted evidence of service shown by certificate of service suffices for proof of notice to party).  There are no other filings shown in the clerk's record.  We overrule Jose Pablo's sole surviving issue.[3]

## CONCLUSION

We affirm the trial court's final decree.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Affirmed

Filed:  December 1, 2022

---

[3] Nowhere does the appellant's brief raise his trial-court motion to set aside the default judgment or address the third *Craddock* factor of no delay or other injury to Courtney if a new trial were granted.  *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925–26 (Tex. 2009) (per curiam) (stating that *Craddock* applies to post-answer default judgments and stating its factors); *see generally Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. [Comm'n Op.] 1939); *see, e.g.*, *Lewis v. Housing Auth. of Austin*, No. 03-15-00800-CV, 2016 WL 7187481, at *2 *et seq.* (Tex. App.—Austin Dec. 7, 2016, no pet.) (mem. op.).